## SUCCESSION OF BERNARD.

The appointment of a legatee as dative testamentary executor, in compliance with the desire
    of all the other heirs except one who is silent, where the evidence suggests no doubt as to
    his fidelity, capacity, or fitness, will be considered as a proper exercise of the discretion
    vested in the judge by art. 1671 of the Civil Code.

APPEAL from the District Court of St. Martin, *Voorhies*, J. *Briant* and
   *De Blanc*, for the appellant. *Heard*, contra. The judgment of the
court was pronounced by

SUCCESSION
OF
BERNARD.

SLIDELL, J. The testatrix survived the executor named in the will; and, under article 1671 of the Civil Code, the appointment of a dative testamentary executor devolved upon the court. The Code is silent as to the formalities which are to precede, and the considerations which are to guide the judge in making, the appointment. We are not prepared to say that courts, in such cases, may not properly consult the analogy of the provisions of the Code upon the subject of administrators and curators.

The imperative language of article 1116 of the Code, which commands the judge, where there are several claimants, to appoint two, (if otherwise applicable,) cannot control the present case, because the estate appears from the inventory to be worth less than $3000. Article 1036, which treats of the administration of estates where the heirs are present, seems more pertinent to the present case, than provisions textually applying to vacant successions. It authorizes the judge to select one or two from among the beneficiary heirs of age and present in the State.

We recognize the correctness of what is said by the counsel, that where discretion is vested by law in the judge in a matter of this sort, it contemplates a sound legal discretion, and not a purely arbitrary one. The question then is, has the discretion been improperly exercised in this case? We are not prepared to say so. It is true that the appellant is the legatee for one-third of the estate. But, on the other hand, all the other heirs, except one, who is silent, had expressed their desire that the person whom the judge has chosen should be appointed; and we find that the estate is a small one, consisting merely of landed property. There is nothing in the evidence to suggest a doubt as to the fidelity, capacity, or fitness of the person appointed.

*Judgment affirmed.*