Succession of Chaler.

## No. 9907.

### SUCCESSION OF TÉRENCE CHALER.

When two beneficiary heirs are contestants for the administratorship of the ancestor's succession, in the choice of the administrator a large discretion is vested in the judge who makes the appointment and, unless manifestly wrong, his conclusion will not be disturbed.

Under art. 1043, he must select the "most solid."

To determine this question of "solidity," the judge should look to the business capacity, experience, property and integrity of the respective applicants.

If the succession is insolvent or its solvency questionable, to the heir who is a creditor, the preference should be given—other things being equal—to the one who is the debtor.

As a general rule, the judge should be guided to some extent in making his appointment by the preferences of the other heirs and creditors.

Where an inventory has been taken under an order of the court, and it is filed therein, there is no warrant for the clerk on an *ex parte* application of one of the heirs to order the taking of another inventory.

The inventory first taken and filed was properly recognized in the true inventory of the succession.

APPEAL from the Eleventh District Court, Parish of Natchitoches Pierson, J.

*Jack & Dismukes* and *J. E. Breda* for the Appellant.

*Scarborough & Carver* for the Appellee.

The opinion of the Court was delivered by

TODD, J.   The only questions presented in this case relate to the administratorship of the succession and the proper inventory of the same, there having been two inventories made.

Chaler died on the 16th of July, 1886, intestate.   Mrs. Grimmer, daughter of the deceased, joined by her husband, on the 24th of same month applied to be appointed administratrix of the succession.   The application was opposed by Mrs. Lattier, a widow and another daughter of the deceased.

The first inventory taken showed the value of the succession to $29,071.76.   The one subsequently made on the application of Mrs. Grimmer amounted to $15,726.95.

The judge *a quo*, after hearing quite a number of witnesses touching the respective qualifications and claims of the two applicants for administratorship, and weighing the testimony, sustained the opposition of Mrs. Lattier and appointed her administratrix.   He also recognized by his judgment the first inventory in date as the inventory of the succession.

We have reviewed with the closest attention the evidence in

record, and considered and weighed with care the few legal provisions of law bearing on the subject, and we cannot say that the judge erred in his conclusion.

The main provision of law governing contests for the administratorship between beneficiary heirs, as in the present case, is Article 1043, C. C., which reads as follows:

." If there be two or more beneficiary heirs of age, and present in this State, the judge shall select one or two, whom he shall consider the most solid, for the administration of the succession."

This article leaves the two questions, whether he shall appoint one or two of the heirs, and as to the solidity of the applicants, largely to the discretion of the judge.

The judge in determining this question of solidity should look to the business capacity, experience, property, integrity and everything else that goes to make up the personal fitness for the appointment of the respective parties.

Mrs. Lattier is the oldest child of the decedent, who lived to an advanced age, and who for the last eighteen years of his life was an invalid, confined to his house during this time. Mrs. Lattier lived with her father and administered to his wants and necessities, and in some measure assisted him in his illness, and to some extent became acquainted with the condition of his affairs. She is described by some of the witnesses as possessing fair business capacities. Besides, left a widow with an infant son, whom she reared with care and had him well educated. She had some property of her own, which she had administered successfully. She still owns property and is solvent, and claims to be a creditor of her father for $1000, an amount coming to her from her mother's estate. She seems to be the choice for the appointment of a majority of the heirs and the creditors. Mrs. Grimmer is not shown to be superior in her qualifications for the office in any respect to Mrs. Lattier, if her equal; but it is urged that the assistance and co-operation of her husband as co-administrator would be greatly to the advantage of the succession, and fairly entitle the wife and husband to a preference over Mrs. Lattier. We are not convinced of this. The evidence satisfies us that Mr. Grimmer is a man of intelligence and some business experience, but the manner in which he is shown to have conducted his own affairs does not afford the strongest guarantee that his administration of the succession would be superior to that of Mrs. Lattier. It appears, too, that Grimmer is indebted to the succession, while we believe that Mrs. Lattier is a creditor. This circumstance, it is urged, is a matter of no significance

whatever, since the contest is solely between the heirs, and the suc-
cession is solvent. But, from the counsel's standpoint and that of his
client, the succession is not solvent, but is clearly insolvent, since the
inventory made on Mrs. Grimmer's application amounts to $15,000,
while the claim of one creditor alone exceeds $17,000.

The true inventory of the succession is the one first taken and filed.
The other was made under an *ex parte* order of the clerk, and was
without any warrant of law.

We think the judgment of the lower court has done full justice
between the parties, and it is, therefore, affirmed.