## No. 10,044.

### SUCCESSION OF GEORGE L. SMITH.

The Act of 1870, No. 87, does not authorize the appointment of the Public Administrator to the succession of a party dying intestate, where the heirs of the deceased are present or represented, and are in possession of the property left by him.

The circumstance that the succession is that of a resident of another State, composed of personal property, which by the law of the domicile vests in the administrator there, does not justify the appointment here, where the heirs oppose it.

The nature or title of such heirs and administrator is of no concern to the Public Administrator.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Gus. A. Breaux* and *Wm. Grant* for the Public Administrator, Appellant.

*Leonard, Marks & Bruenn* for the Heirs, Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The only question presented is, whether the Public Administrator can be appointed to administer this succession.

G. L. Smith, who was domiciled in Arkansas, died there, leaving no will, owning property in that State and personal effects in Louisiana.

Parties claiming to be the sole heirs of Smith oppose the application, on the ground that there is no necessity for an administration; that the heirs are represented in this State and are in possession of the property left by the deceased therein ; that the estate in Arkansas is under the charge of an administrator, and that the property in this State would fall under his administration.

One Parker joined in the application of the public administrator.

The District Court rejected the application and recognized the opponents as the heirs of the deceased, with certain eventual hereditary rights.

On appeal, the Arkansas administrator joins the opponents and appellees.

Parker, who had joined in the application for the administration, has ceased to be an actor in the case, judgment having been rendered in his favor, in a particular manner, from which he is not heard to complain.

There can be no doubt that had Smith died intestate, leaving personal property in this State over which creditors here could have exercised claims, and had he left no heir present or represented, there

would have arisen a proper case for the appointment of the public administrator.

The facts are not so, however.

Smith apparently has left no creditors here. His heirs are represented by an agent and they are in possession of what property he has left in this State, whether in his name or not. They have besides been judicially recognized to be, as such, entitled to the possession of that property.

The administrator does not charge that this judgment of recognition is erroneous. The public administrator contends that, true if it be, that the heirs are in possession, this cannot avail them, as, under the Arkansas law, the personalty vests in the administrator and not in the heirs, who can receive the same only after due liquidation of the estate.

Of what concern can it be to the public administrator that this be or not so, in a case in which both the administrator and heirs oppose his appointment?

As well might he, in a case in which a surviving spouse in community and the children of the consort dying intestate, would oppose his prayer for appointment, urge that the naked ownership is in the latter and the usufruct or possession in the former. Surely in such a case he could make no show for appointment. Neither, then, can he here.

From the allusion made to the appearance of the Arkansas administrator, it is not to be inferred that his representative capacity is recognized, as that is not a factor in the decision, which hinges solely upon the presence of the heirs and their possession of the estate.

The purpose which the Legislature intended to accomplish when it created the trust of public administrator, was to provide for a prompt and safe custody of the property composing vacant successions, which otherwise might be exposed to ruin and devastation.

Hence it is that the law distinctly provides that it is only where the deceased has left n ) will appointing an executor, and where there are no heirs present or represented, that the public administrator can be put in charge of an unclaimed estate, and that, even where appointed, his functions cease on the recognition of the heirs.

It has accordingly been held that where the heirs have taken possession the public administrator cannot interfere. 28 Ann. 573.

It is clear to our minds that under this statute creating the office of public administrator, the contingencies under which the appointment claimed could have been conferred have not occurred, and that there is no error in the judgment complained of. Vide Act No. 87 of 1870, p. 120.

Judgment affirmed.