162 So. 53

**Succession of VIRGETS.**

No. 33338.

May 27, 1935.

Richard A. Dowling, of New Orleans, for appellant.

H. W. & H. M. Robinson, of New Orleans, for appellee Estelle Virgets.

BRUNOT, Justice.

This is an appeal from a judgment appointing a beneficiary heir administratrix of the succession of Nicholas Virgets, deceased, and dismissing the application of the surviving widow in community and the oppositions of two other beneficiary heirs of the deceased, at their cost.

By agreement of counsel, this transcript contains nothing but the petition for administration, the oppositions thereto, the testimony thereon, the judgment, the motion for and order of appeal, and the appeal bond. Nicholas Virgets, Jr., alone appealed from the judgment.

Nicholas Virgets left an estate consisting of his one-half interest in the community of acquêts and gains existing between him and his surviving spouse. The widow alleged the necessity for an administration of the estate of her deceased husband and prayed to be appointed the administratrix thereof. Nicholas Virgets, Jr., a beneficiary heir, opposed the application of the widow in community, on the ground that, as a beneficiary heir, he had a greater right, in law, than the applicant, to be appointed administrator of the succession. A second beneficiary heir opposed the application of the widow and favored the appointment of Nicholas Virgets, Jr. Estelle Virgets, a femme sole and beneficiary heir, joined in the application of her mother, but prayed, in the event her mother was not entitled to the appointment in preference to an heir, that she be appointed administratrix. The governing codal provisions are as follows:

"1042. In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State.

"1043. If there be two or more beneficiary heirs of age and present in this State, the judge shall select one or two he shall consider the most solid, for the administration of the succession."

The quoted articles of the Civil Code clearly eliminate the widow in community as a contestant where beneficiary heirs, of age and present in the state, oppose her application to be appointed administratrix. As between the contesting heirs, of age and present in the state, a large discretion is vested in the trial judge in selecting the administrator. He should consider the business capacity, experience, property, integrity, and everything else that goes to make up personal fitness, including the applicant's indebtedness to the estate, and his conclusions will not be disturbed unless it appear that they are manifestly erroneous. Succession of Terence Chaler, 39 La. Ann. 308, 1 So. 820; Succession of Boudreaux, 42 La. Ann. 296, 299, 7 So. 453; Succession of Gaines, 42 La. Ann. 699, 7 So. 788.

The testimony in the transcript is to the effect that Miss Estelle Virgets is a mature woman of experience, capacity, and business ability; and that she transacted her father's business and handled his affairs, exclusively, for approximately six months before his death. It is also shown that she is the only applicant for the administration, except the widow of the deceased, who is not alleged to be indebted to the estate for the value of properties conveyed to them by their father during his life time.

Under these circumstances, regardless of what facts may be established in the succession proceedings relative to collation, the conclusion is inescapable that the judgment appealed from is a wise and righteous one; and it is therefore affirmed at appellant's cost.