TATE, Justice ad hoc.
Eva Stansbury Marino died testate at her domicile in Orleans Parish on July 17, 1956. The present appeal is by the decedent’s husband from judgment appointing, over his opposition, the decedent’s sister as dative testamentary executrix.
The sole contention of the husband’s present appeal is that he had a better right than the successful applicant to be appointed executor of the decedent’s will.
The decedent’s sister, the appellee Telitha Stansbury Castalano, offered the testament for probate. As the testatrix had not named an executor, Mrs. Castalano applied for appointment as dative testamentary executrix. The will was admitted to probate and provides as follows:
“I Eva Marino sound of mind and body do at the eve of my expiration do leave my property at 2119 2121 Dauphine Street to my husband for as long as he lives also money, but to go to my sister Mrs. Luke [Castalano, the present executrix], James Stans-bury, Howard Stansbury, and Ulis Stansbury.”
The inventory shows the Dauphine Street property to comprise virtually the decedent’s entire estate. She left neither descendants nor ascendants as forced heirs.
Neither the validity of the probated will nor the dispositions therein is at issue under the present pleadings. Whether the Dau- *219 phine Street property was community, as argued, or separate is immaterial for purposes of the present decision, since the decedent in either event could dispose of her interest in said property by testament and since both parties claim the appointment as executor by virtue of their interest in the succession resulting from the above probated will.
LSA-Civil Code Article 1678 provides for the appointment of dative testamentary executors as follows:
“If the testator has omitted to name a testamentary executor, or if the one named refused to accept, the judge shall appoint one ex officio.”
Although the Civil Code itself does not provide any order of preference in the appointments made pursuant to this article, under the jurisprudence the codal articles pertaining to appointment of administrators also apply to appointment of dative testamentary executors. Succession of Kneipp, 172 La. 411, 134 So. 376; Succession of Gusman, 36 La.Ann. 299; Girod’s Heirs & Legatees v. Girod’s Ex’rs, 18 La. 394. These cited cases specifically held that in such appointment beneficiary heirs should, under LSA-Civil Code Article 1042, be given preference over other applicants, and that, as between two or more heirs applying, the trial court has under LSA-Civil Code Article 1043, a wide discretion. Cf., Succession of Brown, 214 La. 377, 37 So.2d 842; Succession of Virgets, 182 La. 491, 162 So. 53; Succession of Guate, 161 La. 981, 109 So. 784.
As stated, both applicants sought the appointment on the basis of their interest in the testamentary succession as testamentary heirs. LSA-Civil Code Articles 876, 879. At best, both applicants are under the testament universal legatees, LSA-Civil Code Article 1606, and as such, heirs. Cf., Succession of Davis, 184 La. 969, 168 So. 118. We are unable to say that as between such heirs the trial judge abused his discretion in the selection as executrix of the appellee, decedent’s sister, who is moreover (in the absence of descendants) a legal heir. LSA-Civil Code Articles 877, 911, 912. Cf., Succession of Kneipp, 172 La. 411, 134 So. 376.
And if under the testament the present applicants are not universal legatees, but particular legatees, LSA-Civil Code Article 1625, or legatees under a universal title, LSA-Civil Code Article 1612 (and thus creditors rather than heirs of the succession, Succession of Bossu, 115 La. 13, 38 So. 878; Girod’s Heirs & Legatees v. Girod’s Ex’rs, 18 La. 394), nevertheless the trial court’s selection as between these applicants of similar status should not be disturbed, Succession of Huie, 23 La.Ann. 401; Succession of Bernard, 3 La.Ann. 565, especially since the appellee was the first applicant, Succession of Strange, 188 La. 478, 177 So. 579.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.