GLADNEY, Judge.
The Ouachita National Bank in Monroe, as Testamentary Executor of the Succession of Mrs. Fay Wherry Stovall, instituted this rule to show cause against the heirs and beneficiaries of decedent’s will, to have the court appoint an attorney or attorneys to represent the succession and the executor, the will not having made any provision therefor. Following trial of the rule, the court rendered judgment appointing Kent Breard to represent the executor and the succession of decedent. The three great-grandchildren of the decedent, all minors, namely,. Victory Ann, Evelyn Jane and James Alfred McGlothlan, Jr., beneficiaries under the will and nonresidents represented by Robert C. Cudd III, have perfected orders of suspensive and devolutive appeal.
The institution of the rule was prompted by an objection of the attorney for the McGlothlan children to the employment of the firm of McHenry, Snellings, Breard, Sartor and Shafto to represent the succession and testamentary executor and the asserted right of said children to participate in the selection of an attorney or attorneys for the executor and succession, or alternatively, to appoint the law firm of Thompson, Thompson and Sparks to serve jointly as attorneys for the executor and succession. Made respondents in the rule were J. C. Stovall, a resident of Monroe, the only surviving forced heir of the decedent; Mrs. Gussie Alcorn, a sister and resident of Monroe and a legatee; Elizabeth Faye Adams, a daughter of J. C. Stovall, a resident of the State of California, but represented in Monroe by her attorneys, McHenry, Snellings, Breard, Sartor and Shafto; Victory Ann, Evelyn Jane and James Alfred McGlothlan, Jr., great-grandchildren of the decedent, all minors and residents of Maracaibo, Venezuela; and Jeanne Denise, Katherine Sto-vall, Bart Davis and Barbara Elaine Lee, great-grandchildren of the deceased, all minors and children of Tom R. Lee and Barbara Jean Stovall, represented by their father, a resident of Monroe.
The rule requested the trial court to determine whether: All attorneys appointed by the legal and instituted heirs of the decedent should not be used jointly to represent the succession and the testamentary executor; or in the alternative, why the attorneys designated by J. C. Stovall and Mrs. Elizabeth Faye Adams should not be used; or in the further alternative, why the attorneys designated by James Mc-Glothlan, tutor of his minor children, should not be used; or in the further alternative, why an attorney to be selected jointly by all of the heirs of the decedent should not be used; or in the further alternative, why an *370 attorney to be designated by the court should not be used; or in the further alternative, why an attorney to be designated by petitioner as executor and/or as principal testamentary heir should not be used.
For answer to the rule the attorney for the McGlothlan children asserted that the appointment of both law firms would be appropriate and necessary by reason of conflicts between the rights and interests of the McGlothlan minors and the rights and interests of the heirs and other legatees and between the interests of said minors and the law firm of McHenry, Snellings, Breard, Sartor and Shafto. An additional contention was made that representation of the succession by the McHenry law firm would be in opposition to the express directions and wishes of the decedent. Counsel urged upon the court that it should order the heirs to select and agree upon an attorney or attorneys within a fixed time and upon failure of the heirs to select and agree the determination would be left to the sole discretion of the testamentary executor.
Counsel for the McHenry firm representing respondents other than the McGlothlan minors filed exceptions of no cause and no right of action, a motion to strike, and an-should be sustained under LSA-R.S. 6:322 swered contending that the exceptions (6), wherein it is provided that the “selection of an attorney by the surviving spouse or heirs is binding upon the bank”, and that J. C. Stovall, the sole surviving heir of the decedent, has selected and designated counsel to represent the succession of his mother. The motion to strike requested the court to strike from the answer filed by the McGlothlan minors, as being hearsay and inadmissible, the allegation therein that representation by the McHenry firm would be in opposition to the express wishes of the decedent. The answer of respondents Stovall and others reasserted their position that the executor was bound by the designation of the attorney by J. C. Stovall, the sole surviving forced heir, and asserted that the rights of the McGlothlan children would be fully protected by the appointment of an attorney for the legatees as provided by law.
The trial court after consideration of the pleadings and evidence adduced, overruled the exceptions and the motion to strike and determined the primary issue by appointing Kent Breard as attorney for the Executor of the Succession. Thereupon the executor petitioned the court for and secured the appointment of the attorney representing the McGlothlans as a provisional attorney pending the outcome of the appeal. As a result of this order, which was carried into execution, a motion to dismiss the suspen-sive appeal filed in this court is no longer of any importance forasmuch as the parties in interest, both appellants and appellees, are equally represented. Thus, the chief issue presented upon this appeal is whether or not the trial judge abused his discretionary authority by naming Kent Breard as attorney to represent the succession of Mrs. Fay Wherry Stovall and the Ouachita National-Bank in Monroe in its capacity as testamentary executor.
The will of Fay Wherry Stovall under date of April 18, 1965 was prepared to conform to the formalities required by LSA-R.S. 9:2442, sometimes referred to as the statutory will law. It was designed also to create a trust estate and named the Ouachi-ta National Bank in Monroe as executor, vested with full seisin. Inter alia, it bequeathed to J. C. Stovall an improved lot in Monroe and all personal and movable property; the residue of the estate was left to the bank, its named executor, upon a trust which directed the payment of monthly incomes to a sister, Gussie Alcorn and a grand-daughter, Elizabeth Faye Adams, and one-quarter of a portion of the total net income as prescribed therein, provided for a monthly income to be paid to the three Mc-Glothlan children, share and share alike. A similar provision was provided as to the Lee children. The will designated as principal beneficiaries, J. C. Stovall of one-half of the trust estate, Elizabeth Faye Adams, one-quarter of the total trust estate, and *371 the children of Barbara Jeanne Lee, one-quarter of the total of the trust estate. It directed that the trustee preserve properties located in Vermillion Parish for the benefit of decedent’s descendants, and directed that such property could not be sold for a period of ten years from her death. The trustee was further directed to retain the services of William H. McBride, an attorney in connection with transactions involving the mineral lands in said parish. Parenthetically, William H. McBride died through accident prior to the opening of the succession. Otherwise the testament did not designate an attorney for the estate.
Before this court counsel for appellants complain that the trial court erred in the following respects: In excluding them from participation in the selection of an attorney or attorneys to handle the affairs of decedent’s estate, contending that such right is granted through LSA-R.S. 6:322 (6) and LSA-R.S. 9:2441; in that it named an attorney with interests and who represented interests in conflict with the property rights of the minors; in that in its selection it failed to carry out the wishes of the decedent; and in that it failed to require the opposing parties within a fixed time to select or agree upon an attorney or attorneys to represent the estate and if such an agreement could not be reached, to provide that the testamentary executor should be empowered to employ counsel of its own selection.
As pointed out above, the principal question to be decided is whether the trial judge acted improvidently in making the selection which prompted this appeal. However, we will first direct our attention to the other errors assigned by appellants which do not appear to be sustained by the evidence and arguments advanced by counsel. A careful review of the record fully supports a finding that the property rights of the McGlothlan minors are not in conflict with those of the attorney selected by the trial court nor in conflict with the other beneficiaries under the will. There is no indication that the designated attorney in the handling of legal matters with respect to the interests of Stovall and others would not inure to the benefit of the McGlothlan children. Certainly the record fails to disclose any occasion which would prompt counsel for the other beneficiaries and for the named executor to take action which would be detrimental to those interests or to the interests of appellants. We therefore disapprove of the contention. We likewise hold there is no merit in the contention that decedent desired counsel other than the one selected by the court and we deem the testimony adduced on this subject irrelevant and inadmissible. Had the testatrix desired other counsel she cordd have so provided in her will. This she did not do. The proposal that the court require the parties to try to select an attorney or attorneys for the estate agreeable to all, and that if this could not be done, the testamentary executor should employ an attorney or attorneys of its own selection, seems to address itself to an area of discretion vested in the trial court, and must be considered as advisory.
In deciding whether appellants are entitled in law to participate in the selection of an attorney or attorneys for the executor and the estate, we find it essential to inquire into whether appellees have an exclusive or prior right to make such selection under the circumstances found in this case. As pointed out above, LSA-R.S. 6:322(6) provides that the selection of an attorney by the surviving spouse or heirs is binding upon the bank. Counsel for appellees argue that the word heirs embraces J. C. Stovall, as son and the sole surviving forced heir, and unquestionably a legal heir. It is argued that Stovall is the only beneficiary who may qualify as such an heir forasmuch as the McGlothlan minors are legatees under universal title and are not clothed with the status of heirship as employed in the statute. Counsel for appellants asserts that his clients are in fact testamentary or institutional heirs and therefore must be considered as heirs under the statute.
*372 These two opposing contentions prompt the question as to whether Stovall is the only-person qualified within the term heirs. If true, under the circumstances of this case, the courts must recognize that he alone has the legal right to select the attorney for the executor and estate. If, on the other hand he does not possess this exclusive right as other heirs have the same privilege, then, if controversy between the parties present, solution should be sought through decision by the court in the exercise of its sound discretion. It follows, therefore, that if Stovall alone is vested with the right of selection the appeal on behalf of appellants must fail. If appellants show, however, that they are included within the term heirs the decisive issue before this court is whether the court abused its discretion in selecting an attorney who may not properly perform the duties entrusted to him to the prejudice of appellants. This opinion has in effect heretofore foreclosed any holding that the action of the trial judge disclosed any abuse of discretion.
The word heirs under discussion herein has an unrestricted meaning within the statute and because of the language we opine that any beneficiary under the testament who may qualify as an heir is entitled to be considered within the statute no matter whether he be such by law, by the institution of a testament, or otherwise. Counsel for the contesting parties agree that Stovall is a legal heir and that the Mc-Glothlan minors are legatees under a universal title.
It is the position of appellants that legatees under universal title are embraced within the classification of testamentary or instituted heirs. The Louisiana Civil Code distinguishes between universal legatees (La.C.C. art. 1606) and a legacy under a universal title as defined in Civil Code art. 1612. A further distinction achieved by the provisions found in Civil Code art. 1609 is that in the absence of forced heirs, the universal legatees are seised of right of the effects of the succession without being bound by the delivery thereof, whereas, the legatees under universal title, in default of heirs, are bound under Civil Code art. 1613 to demand the delivery of the legacy. At this point it should be observed that the testament of Mrs. Stovall fails to create a universal legatee and in the absence of such a legacy Civil Code art. 884 designating the universal legatee as an heir is inapposite. Succession of Price, 197 La. 579, 2 So.2d 29, 31 (1941). We have been referred to no statutory provisions qualifying a legatee under a universal title as a testamentary or instituted heir, and the only pertinent judicial expression that has come to our attention on this point appears in Succession of Bossu, 115 La. 13, 38 So. 878, 879 (1905). In dismissing the opposition to the appointment of the public administrator as dative testamentary executor of the succession, the court in the Succession of Bossu considered a statute enacted in 1877 which entitled the public administrator to appointment where the executor named in the will could not perform the duties of that office and there was no surviving spouse or heir present. In the course of its opinion it was stated:
“While we do not think that the General Assembly of 1877 had particularly in view the distinction between an heir and a legatee, whether universal or under ‘an universal title,’ but was legislating remedially for the administration of property left by the death of its owner with no one likely to immediately take charge of it, it none the less used terms having well-defined signification. There is unquestionably a difference legally between an ‘heir’ and a ‘legatee,’ and a ‘universal legatee’ and one ‘under a universal title.’ The minors who are represented by their tutor in this litigation are not heirs, but they are legatees under a universal title; and so, also, are the other beneficiaries under the will of Cecilia Corrette. * * * ” [38 So. 878, 879]
We are mindful that counsel for appellants has argued the applicability of LSA- *373 R.S. 9:2241, the Louisiana Trust Code, which provides that the beneficiaries of the trust “shall select an attorney.” In our opinion this argument is premature and in-apposite at this stage of the succession proceedings.
'Consistent with the pertinent articles of the Civil Code and the expression of the court in the Succession of Bossu, we hold that the McGlothlan minors, appellants herein, are legatees under universal title and are not instituted heirs or heirs as used in LSA-R.S. 6:322(6).
Accordingly, the judgment of the trial court is affirmed at appellants’ cost.