SUCCESSION OF PARMELIA SLOANE—Opposition to appointment of Administrator.

The beneficiary heir, of age and present in the State, has a preference for the administration over the tutor of co-heir who is a minor.

The term, beneficiary heir, applies to one who may accept, as well to one who has accepted with the benefit of inventory.

A woman may be appointed to administer a succession in which she is interested as heir.

APPEAL from the District Court of Union, *Richardson*, J.

*Baker & Harris*, for appellant.    *Garnett & Benton*, for appellees.

SPOFFORD, J.    *Robert Lassitee*, alleging himself to be the surviving husband of *Parmelia Sloane*, deceased, and tutor of their minor child, *Len Moore Lassitee*, applied for letters of administration upon her succession.

*William O. Jones* and *Delaware Young*, wife of *Hugh Young*, children and heirs of age of *Parmelia Sloane*, opposed the application, alleging a better right in themselves. Their opposition was sustained and *Robert Lassitee* has appealed.

In this court, the counsel for *Robert Lassitee* (who is now the provisional administrator under an appointment by the Clerk of the District Court) has suggested the death of the minor child, *Len Moore Lassitee*, and prayed that the case be continued to make the child's heirs parties to the suit.

So far as the claim of *Robert Lassitee* to the administration is based upon the fact of his being tutor to his minor child, it is obvious that it has lapsed by the death of the child. Instead of being a cause for continuing the suit, and citing in the child's heir, (that is the appellant himself,) the child's death is rather a cause for dismissing the application of *Robert Lassitee* altogether. But as he claims to be a dative tutor to certain minor children of *Parmelia Sloane*, by her alleged marriage with one *Wilson*, we deem it proper to examine the claims of the opponents to a preference over him in the administration.

It is only when *all* the beneficiary heirs are minors, that their tutors or curators can claim the preference for the administration.    C. C. 1037.

But "in the choice of the administrator, the preference shall be given to the beneficiary heirs over every other person, *if he be of age and present in this State.*"    C. C. 1035.

"If there be two or more beneficiary heirs *of age and present in this State,* the Judge shall select one or two from among them, whom he shall consider the most solid for the administration of the succession."    C. C. 1036.

The opponents are acknowledged to be heirs of the deceased, of age and present in the State.

But the appellant contends that they are not "*beneficiary* heirs," because they have not yet accepted the succession with benefit of an inventory; and as the Statute of March 16, 1848, p. 84, makes the minor a beneficiary heir by operation of law, their representative has as good a right to the administration as the opponents, if not a better right.

　　　　　　　　　　　　　　　**611**

It is true the Article 879 of our Civil Code declares, that "beneficiary heirs are those who *have accepted* the succession under the benefit of an inventory regularly made." Definitions are proverbially dangerous, and no where more so than in a code of laws. A reference to other Articles under the same title, will show how imperfect this definition is, or how soon the compilers of the Code forgot it themselves.

"By term for deliberating, is understood, the time given to the *beneficiary heir* to examine if it be for his interest to accept or reject the succession which has fallen to him." C. C. 1026. Here we find a person who has neither accepted nor renounced a succession styled the "beneficiary heir;" and these terms are undoubtedly used in the Article 1842, to embrace not only the heir who *has* accepted with benefit of inventory, but one who *may* do so.

We conclude that the opponents are beneficiary heirs within the meaning of Articles 1042.

But it is objected that *Delaware Young*, wife of *Hugh Young*, although a beneficiary heir of age, and present in the State, cannot take the office of administratrix by reason of her sex. The cases of *Carraby* v. *Carraby*, 7 New Series, 466, and *Cusa* v. *Calvana*, 4 Annual, 538, are cited to sustain this position. But it is now settled that although a woman is in general disabled from performing civil functions, (Civil Code, 25,) yet she may be appointed to administer a succession in which she is interested as heir. *Succession of Block*, 6 An. 810; *Succession of Penney*, 10 An. 290. See also *Succession of Williamson*, 3 An. 262; *Ferrar's Administratrix* v. *Lambeth*, 11 L. 108.

We are unable to say that the evidence concerning the habits of *W. O. Jones*, is sufficient to show his incompetency to act in the capacity of administrator.

Judgment affirmed.