No. 9102.

SUCCESSION OF THEO. GUSMAN. ON APPLICATION FOR DATIVE EXECUTORSHIP.

A beneficiary heir, of age and present. is entitled to the dative executorship to the exclusion of all others.

If the beneficiary heir be a minor with both parents living, they are entitled to the executorship as representing him.

The term, beneficiary heir, includes one who may accept the succession equally with one who has accepted it.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

*K. A. Cross* for the Applicant, Appellant.

*Thos. B. Dupree* for the Opponent, Appellee.

The opinion of the Court was delivered by

MANNING, J. The testatrix, Mrs. Gusman, failed to name an executor of her will, and her daughter Zulme, wife of William Hearsey, applied for the appointment, her husband joining and praying to be appointed co-executor, and was opposed by William Garig, the husband of another daughter, who prayed in turn that he be appointed, and the court so decreed.

The testatrix was a woman of advanced age, and left three children —a son beside the daughters just mentioned—all majors. She left a hundred dollars to each of them, and beside that, a benison to one and a malediction to the others. The favored child was Mrs. Hearsey, but the testatrix had no faith in her husband's competency, and said so with the frank brusqueness that characterizes the whole will.

To Mrs. Garig's child she gave a house and lot in Baton Rouge, and made Mrs. Hearsey's children legatees of the residuum. There appear no debts.

The grounds of Garig's opposition to Mrs. Hearsey's application are stated to be her physical disability and litigious character.

The physical disability is not stated. She is not alleged to be halt or blind, and she certainly can talk, and as the record shows, very sensibly. The proofs of litigious proclivities rather indicate promptitude in action, and a vigorous will in conserving her rights, which ought not to be imputed as blame to her if her mother's judgment of her husband's want of business capacity be correct.

The Code has not indicated this as a disqualification for executorship, but it has affirmed that the beneficiary heir, of age and present,

shall be preferred to every other person for that office. Rev. Civil Code, art. 1042. And though in general a woman may not be appointed, yet the rule of exclusion does not hold if she be heir or legatee. Suc. Block, 6 A. 810. And if she be married, her husband can act conjointly with her. Suc. Williamson, 3 A. 262; Suc. Penney, 10 A. 290. If there is but one beneficiary heir, he or she is entitled to the exclusive appointment, Suc. Briscoe, 2 A. 268, and that term applies to one who may accept the succession as well as to one who has accepted. Suc. Sloane, 12 A. 610.

The beneficiary heir here is not Mrs. Hearsey, but her children are residuary legatees, and she is their tutrix or rather she and her husband are their natural protectors. As there are no debts, it would seem the only duty an executor will have to perform will be to pay the moneyed legacies, to deliver the house and lot over to young Garig's proper representative, and the residuum to the Hearsey children's parents. There is every reason why the applicants shall be appointed, and the law commands it as against one not a beneficiary heir.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and that Mrs. Hearsey and her husband be and they are hereby appointed dative executrix and executor of the will of the testatrix Theo. Gusman upon giving bond and security according to law, and thereupon they are ordered to be qualified accordingly, the opponent George Garig to pay the costs of his opposition in the lower court and the costs of appeal.