No. 13,371.

SUCCESSION OF THOMAS BARBER AND DORCAS BARBER; APPLICATION OF WOODLEY WATSON FOR ADMINISTRATION; AND OPPOSITION THERETO BY CLARA BARBER.

52 957
s105 803
52 957
115 882

SYLLABUS.

1. The order placing the surviving wife in possession as an heir of the property of her husband, is null and void. It appears that there are debts due by the succession, and that it is such a succession as should be settled by an administrator. This court holds that an administrator must be appointed.

2. One of the two parties asking for the administration of the succession being the surviving wife who is an heir and the other being one who asserts that he is a creditor of said succession, the court, as held in repeated decisions, appoints the surviving wife and heir administratrix, as she has preference over any creditor.

A PPEAL from the Fifth Judicial District, Parish of Morehouse.— Potts, J.

*Andrew Augustus Gunby* for Woodley Watson, Applicant, Appellant.

*Madison & Madison (William Andrew Collins,* of Counsel,) for Opponent, Appellee.

The opinion of the court was delivered by

BREAUX, J. Appellant, Woodley Watson, alleging that he is a creditor of the Succession of Thomas Barber, who died intestate on the 18th day of July, 1899, applied for the administration of his succession and of the succession of his first wife, Dorcas Barber, who died on the seventh day of May, 1899. It appears that on the third day of August, 1899, Clara Barber, second wife of Thomas Barber, addressed a petition to the judge of the District Court to be recognized as sole heir, and to be placed in possession of his property. The application was granted *ex parte*. Watson avers that no notice was given of this application; that no inventory was taken, and that no attorney for absent heirs was appointed, and that, in consequence, he is in time, to be appointed administrator of the succession, as the *ex parte* proceedings are void as to him.

In his application for the administration, Woodley Watson alleges that Thomas Barber left debts which are still unpaid, and that he is one of the creditors in a stated amount, and for this reason he claims the appointment of administrator of the successions of both Thomas Barber and Dorcas Barber, husband and wife.

It appears that Americus Watson was the only child of Dorcas Watson, born prior to her marriage with Thomas Barber, and Woodley Watson was the child of Americus Watson and the grandchild of Dorcas Watson, afterward Barber.

Clara Barber, the second wife of Thomas Barber, opposes the application of Woodley Watson for the administration of the successions, denies that he is a creditor of the successions, and avers that the community of acquets and gains between Thomas Barber and Dorcas Barber has been settled between Americus Watson, the only child of Dorcas Barber, and Thomas Barber; that she, the opponent, has been judicially placed in possession of the succession property left by Thomas Barber; and she alleges further that there is cash to the credit of the succession greatly in excess of all and any debts the succession might owe.

She, also, alleges that Americus Watson was an adulterous bastard, and that Dorcas Barber died without lawful ascendants, descendants, or collaterals.

The opponent avers that in the event of its, being held that an administrator of the succession, and of the community, is necessary, that as heir and survivor in community, she is entitled to the appointment.

Woodley Watson was reared by Thomas Barber and his wife. He was sent to school by them, and acquired enough education to enable him to keep their books and see to other business in which they were interested. He was quite useful, as neither Thomas Barber, nor his wife, could either read or write.

At the death of Dorcas Barber, in 1889, her estate was not regularly opened, but the community which had existed between Thomas Barber and Dorcas Barber was settled by an act of partition entered into in the year 1899 between Thomas Barber and Americus Watson, the only child and heir of Dorcas Watson. To sustain his claim, that he is a creditor, Woodley Watson testified to some length, and other witnesses were also examined in his behalf.

The judge of the District Court pronounced judgment, rejecting the application of Woodley Watson for the administration of the succession of Thomas Barber, and of the community formerly existing between Thomas Barber and Dorcas Barber, reserving to him whatever rights he may have to sue Clara Barber, who is now in possession of the property under an *ex parte* order ·of court.

From this judgment, Woodley Watson prosecutes this appeal.

We are informed, by the record, that these litigants are colored people, who, by thrift and industry, have accumulated some property, and we infer, from the evidence, that they enjoy the good will of the community in which they have their residence.

Three questions arise: First, the necessity *vel non* of appointing an administrator to settle the succession; second, whether the applicant, Woodley Watson, is entitled to the administration; and, lastly, is the opponent, Clara Barber, entitled to the administration?

While we entertain no doubts about the complete settlement of the succession of Dorcas Barber, as shown by the account of partition, to which we have before referred as having been made between Americus Watson and the late Thomas Barber, we have arrived at a different conclusion regarding the Succession of Thomas Barber. There are debts due by the succession, which, in the present situation of affairs, should, in our view, be settled by an administration.

This brings us to the question, whether Woodley Watson is entitled to the said administration. He earnestly avers that he is a creditor of the succession, and that he is entitled to be appointed its administrator. While he may have sufficient interest in the settlement of the succession of Thomas Barber to provoke the appointment of an administrator, we are not certain that he is a creditor entitled to a judgment for his claims as a creditor. It appears that his right, in this respect, depends very much upon the weight to be given certain evidence, and is further dependent upon the result of a settlement; for, while it may be, for all we knew, that he is a creditor, it is also evident that he is a debtor of the succession. But, even if if we should concede for a moment that he is a creditor, he would still not be entitled to the administration.

Passing to Clara Barber's application for the administration, presented in the alternative form, she being the surviving widow and heir of Thomas Barber, she must be held, under repeated decisions, to have the preference. As between one claiming as creditor and an

heir, even though that heir be the widow of the deceased, the Civil Code recognizes the rights of the latter. It is clearly stated that the heir has preference. In this case, the wife has preference, and a married woman, though not capable of civil functions, may administer a succession of which she is to be heir; and the right to administer gives her the right of preference over a creditor. "In contestations concerning the curatorship of vacant successions, and those of absent heirs, the judge shall grant the curatorship—to the surviving husband or wife, in preference to the creditors of the deceased; to the creditors in preference to those who are not." C. C., 1121. The surviving wife shall be preferred to creditors. Malinda Sears vs. Wilson, 5 Ann., 689; Succession of Henry Block, 6 Ann., 810; Succession of Penney, 10 Ann., 290; Succession of Sloan, 12 Ann., 610.

The law and the evidence being in favor of Woodley Watson, as far as relates to the necessity of appointing an administrator, the order of the District Court refusing to make such an appointment is annulled and set aside.

The law and the evidence being in favor of Clara Barber in matter of the application for the appointment, it is ordered, adjudged and decreed that she be, and she is hereby appointed administratrix of the Succession of Thomas Barber, and is ordered to qualify within the legal delays.

It follows, from the above, that the application of Woodley Watson for his appointment is rejected.

All the costs of both courts are to be paid by the succession.

Rehearing refused.