(99 South. 862)

No. 25327.

## Succession of DAMICO.

(April 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⬤⟲20(10)—Succession; petitioners for administration held not in position on appeal to claim administration not necessary.

Where decedent's father and son have each, in their petitions for appointment as administrator, alleged the necessity for administration, and neither they nor their alleged coheirs have accepted the succession without benefit of inventory, they are not, on appeal, in a position to defeat an administration; the widow having been appointed.

2. **Executors and administrators** ⬤⟲19—Succession; widow, by accepting succession unconditionally, does not lose right to appointment; "beneficiary heir."

In view of Civ. Code, art. 1042, giving beneficiary heir preference to appointment as administrator, article 1043, authorizing the judge to select as such the most solid of the beneficiary heirs, article 883, defining a "beneficiary heir" as one who has accepted succession under the benefit of inventory regularly made, and Act No. 160 of 1920, § 1, relating to descent of community estates, a widow, by accepting her deceased husband's succession unconditionally by mere written declaration, does not lose her right to be appointed, in a contest with heirs who had accepted the succession with benefit of inventory.

[Ed. Note.—For other definitions, see Words and Phrases, Beneficiary Heir.]

3. **Executors and administrators** ⬤⟲20(7)—Succession; evidence as to validity of marriage of decedent's widow improperly excluded, in administration contest.

In a contest for administration of decedent's succession between heirs and alleged widow, who had been divorced from a former husband for adultery with T., it was error to exclude evidence that decedent and T. were the same person; Civ. Code, art. 161, prohibiting guilty party in divorce from marrying accomplice.

4. **Executors and administrators** ⬤⟲20(6)—Succession; opponents to administration by widow may raise issue of validity of her marriage to decedent.

In a contest for administration between decedent's widow and other heirs, the heirs may

raise the question of the validity of the widow's marriage to decedent in determining whether she is entitled to administration.

**5. Executors and administrators** $\Longleftarrow$ **20(7)— Succession; evidence of disappearance of assets held by widow admissible to show she was not entitled to administer.**

In a contest for administration between decedent's widow and his heirs, evidence that the widow had property of decedent in her possession, which immediately after decedent's death disappeared, was admissible to show that the widow was not entitled to administration in preference to another heir, in view of Civ. Code, art. 1043.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Application by Joseph Damico for appointment as administrator of the succession of Jake Damico, deceased, to which Armantine Roland, widow, and others, filed oppositions. From a judgment appointing the opponent named, Joseph and Antonino Damico appeal. Judgment set aside, and case remanded.

Theodore Cotonio, of New Orleans, for appellants.

U. Marinoni, Jr., and Michel Provosty, both of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. Jake Damico—or, to use his correct name, Gioachimo Damico—died intestate in this city in May, 1921. Two days after his death, Joseph Damico, a brother of the deceased, filed a petition, alleging the existence of debts, both ordinary and privileged, against his brother's succession, and prayed that an inventory be taken of the property left by his brother, and that he be appointed administrator of the succession. Armantine Roland, known also as Maud Roland, filed several oppositions to the application of Joseph Damico. In these she alleged, among other things, that she is the widow of the deceased; that the deceased left no descendants; that the only ascendant who survived him was his father; that the property left by her late husband consists only of his share in the community of acquêts and gains; that she is entitled to her half of the community, and, in addition thereto, to one-half of the remainder, as an heir of the deceased; that Joseph Damico has no interest in the succession, as he is neither an heir nor a creditor of the deceased; that the succession owes no debts; that, if it does, she accepts, without the benefit of inventory, her half of the community and her portion of the estate left by her husband, and offers to give security for any debts which there may be against his succession, but asks, should the court appoint an administrator, that she be appointed to that office.

Antonino Damico, the father of the deceased, also filed a petition. In it he approves of the application of his son, Joseph Damico, but prays that, should his son not be appointed, then that he himself receive the appointment. He also alleges that Armantine Roland and the deceased were never married, but lived together in concubinage, and that, if they were ever joined together in wedlock, the marriage is null and void, as having been contracted in contravention of the laws of this state. He also alleges that Maud Roland has sold some of the property belonging to the succession without any lawful right so to do.

Mrs. Spiradomia Damico, wife of Ferdinand Loyacano, and a sister of the deceased, likewise filed a petition, in which she prays that her father, Antonino Damico, be appointed administrator, and, should he not be, then that her brother Joseph receive the appointment.

The court below after hearing the evidence, rendered judgment recognizing Armantine Roland as the widow of the deceased, and appointed her administratrix. Joseph and Antonino Damico have alone appealed. Ar-

mantine Roland has filed no answer to the appeal.

### Opinion.

[1] In the court below, the only opponent to the appointment of an administrator was Armantine Roland. In that court, both Joseph Damico and his father, who are the appellants here, distinctly alleged the necessity for the appointment of an administrator. In this court, Armantine Roland has abandoned her opposition to an administration by asking in her brief that the judgment appealed from, which recognizes that the succession should be administered, be affirmed. Joseph Damico and his father now express a willingness to dispense with an administration rather than see Armantine Roland appointed to administer the succession. However, in our opinion, neither the father nor his son are in position to defeat an administration, in the face of the allegations of their petition as to the necessity for one, and in the face of the fact that they and their alleged coheirs have not accepted the succession without the benefit of inventory. Hence, in view of the position taken by Armantine Roland on appeal, and in view of the position in which the remaining parties in interest find themselves, the question of the necessity for an administration, if there was ever sufficient ground for doubting such necessity, has passed out of the case, and the ruling of the lower court to the effect that an administration is necessary must therefore be accepted as correct.

[2] So accepting the ruling of the trial court to the extent stated, the next question for consideration is which one of the applicants is entitled to be appointed administrator. Article 1042 of the Civil Code provides that in the appointment of an administrator preference shall be given to the beneficiary heir, if he be of age and present in the state, over every other person; and article 1043 provides, in substance, that, when such heirs number two or more, the judge shall select for the trust either one or two of them, selecting the one or two considered by him to be the most solid; and article 883 defines a beneficiary heir as being one who has accepted the succession under the benefit of an inventory regularly made. Act 160 of 1920 contains, among other provisions, the one that:

"Should the deceased leave no descendants, but [should leave] a father and mother, or either, then the share of the deceased in the community estate shall be divided in two equal portions, one of which shall go to the father and mother or the survivor of them, and the other portion shall go to the surviving spouse."

The record discloses that the deceased left property belonging to the community that existed between him and his wife, Armantine Roland, assuming that Armantine Roland was his wife. The record also discloses that the deceased left no descendants. Hence, assuming that Armantine Roland is the widow of the deceased, she, in that event, under the terms of Act 160 of 1920, inherited one-half of his half of the community property, which apparently was the only kind of property left by him, and the father of the deceased, Antonino Damico, inherited the remaining half.

From the foregoing it is clear that, if Armantine Roland is the widow of the deceased, both she and Antonino Damico are his heirs. Antonino Damico has accepted the succession of his son under the benefit of inventory. Armantine Roland, as we have observed, has accepted it without such benefit, that is to say, unconditionally, as appears from her pleadings and an affidavit filed by her in the court below. Hence, as article 1042 of the Civil Code grants a preference, in selecting an administrator, to the beneficiary heir, of age and present in this state, over all others, and as article 883 of the same Code defines a beneficiary heir to be one who has accepted the succession, falling

to him, under the benefit of an inventory regularly made, the question necessarily presents itself, assuming that Armantine Roland is, in fact, the widow of the deceased, whether by accepting the succession, by her declaration to that effect, without the benefit of inventory, she has thereby lost her right to be appointed administrator in a contest with an heir, who has accepted under the benefit of inventory.

The question does not seem to have been directly decided by this court, though in the Succession of Sloane, 12 La. Ann. 610, it was assumed that to entitle an heir, as such, to the administration of a succession, he must be a beneficiary heir, and in that case it was held that the opponents were beneficiary heirs within the intendment of article 1042 of the Civil Code. If we were to give a very strict interpretation to article 1042 of the Code, doubtless we would reach the conclusion that Armantine Roland, by thus accepting the succession, lost her right to be appointed administratrix as against Antonino Damico, who, as we have seen, has accepted the succession under the benefit of inventory. However, to give the article such an interpretation would lead to a conclusion that cannot be supported by reason, in a case, such as the present, where the unconditional acceptance is by a mere declaration to that effect. A succession must be administered, when it owes debts, notwithstanding the unconditional or simple acceptance of one of the heirs, when the creditors or the heirs, accepting with the benefit of inventory, demand an administration. C. C. art. 1047; C. P. art. 976; Succession of Clark, 30 La. Ann. 801.

The heir, who has accepted unconditionally, certainly has, to say the least, as great an interest in the proper administration of the succession as one who has not, and in the event the succession proves to be of doubtful solvency he has a greater interest in its administration, for the reason that he, by such acceptance, becomes personally bound for its debts. Moreover, the heir who has accepted unconditionally may be better suited for the administration than the heir who has not so accepted. In view of these considerations, we are unable to conclude that it was the intention of the lawmaker to give the preference to the heir who has accepted the succession with the benefit of inventory over one who has accepted it unconditionally, when the acceptance is by a mere written declaration to that effect. We therefore hold that Armantine Roland did not, by such acceptance, lose her right to be appointed administratrix in a contest between her and Antonino Damico, or between her and any other heir.

[3, 4] We have assumed thus far that Armantine Roland is the widow of the deceased. We shall now consider whether she is, in fact, his widow. The record clearly establishes that the two were married by the recorder of the first city court of this city on March 1, 1916. In fact, we do not understand that counsel for Antonino and Joseph Damico now question that the marriage ceremony was not performed, but they still urge that the marriage is null and void, as having been contracted in contravention of a prohibitory law of this state. It appears that Armantine Roland was first married to a man named Stephen G. Walden, who obtained a divorce from her on the ground of adultery alleged to have been committed by her with a person designated in the petition for divorce as Joseph Taylor. Counsel for Antonino and Joseph Damico contend that Joseph Taylor and the deceased are one and the same person, and in order to substantiate that contention asked Armantine Roland, while she was a witness on the stand, whether the deceased was not the same person as Joseph Taylor. Counsel for Armantine Roland objected to the question on the ground

of irrelevancy, and was sustained by the trial judge, and counsel for the Damicos complain of the ruling.

The objection should have been overruled. Article 161 of the Civil Code prohibits the guilty party, in the case of divorce granted on the ground of adultery, from marrying his or her accomplice, under the penalty of the nullity of the marriage and of being prosecuted for bigamy. In the Succession of Hernàndez, 46 La. Ann. 962, 15 South. 461, 24 L. R. A. 831, it was held that the accomplice contemplated by the Code was the one named in the petition for divorce, or shown to be such by the evidence adduced in support of the petition. Therefore, if the deceased and Joseph Taylor were one and the same person, it was important that Antonino and Joseph Damico should have been permitted to show it, for it is only upon such proof that the marriage can be declared to be without legal effect. With respect to the right of one to raise such a question in a contest involving the appointment of an administrator, we may say that in our view the question may be raised in such a contest for the purpose of determining whether the applicant against whom the point is urged is entitled to the administration. Succession of Barry, 47 La. Ann. 838, 17 South. 307. As counsel for the Damicos have not been permitted to establish their contention by showing, if they are able to, the nullity of the marriage on the ground urged, we would not be justified in deciding, in the present state of the record, whether or not Armantine Roland is entitled to the administration of the succession of the deceased.

[5] Counsel for Antonino and Joseph Damico also complain that they offered to show that Armantine Roland had property in her possession, belonging to the deceased, which, immediately after the latter's death, disappeared, the inference being that she concealed the property to prevent its being inventoried, but that the court ruled that this evidence was not admissible. We are of the opinion that there is error in the ruling of the court. The evidence is admissible to show that Armantine Roland is not entitled to the administration of the estate, in preference to the claims of another heir, if entitled to it at all. C. C. art. 1043; Succession of Chaler, 39 La. Ann. 308, 1 South. 820. As the evidence was ruled out the case will have to be remanded.

For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded, to be proceeded with in accordance with law; the costs of appeal to be borne by the appellee.