(109 So. 784)

No. 27995.

## SUCCESSION OF GUATE.

### In re GUATE.

(June 28, 1926. On Application for Rehearing, Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators ⊂⊃20(10)— Succession; supervisory jurisdiction will not be exercised to interfere with appointment of administrators, as between beneficiary heirs, because discretionary (Civ. Code, arts. 1042, 1043).**

Supervisory jurisdiction would not be exercised to interfere with appointment of administrators as between beneficiary heirs to succession, such appointment being discretionary under Civ. Code, arts. 1042, 1043, remedy, if any, being by appeal.

In the matter of the succession of John D. or John J. Guate, deceased. Mrs. Carmella Guate Le Clerc was appointed administratrix, a rule filed by Mrs. Marie Guate, wife of Henry Steele, to rescind the order of appointment was dismissed, and Mrs. Marie Guate applies for writs of certiorari, mandamus, and prohibition. Dismissed.

John C. O'Connor and Arthur Landry, both of New Orleans, for relatrix.

L. H. Perez, of New Orleans, for repondent.

THOMPSON, J. John J. Guate died intestate in this city on December 16, 1925. He was a resident of the parish of St. Bernard at the time of his death, and had some property in that parish and in the parish of Orleans.

The deceased was survived by two daughters, the relater herein and Mrs. Carmella Guate Le Clerc. The daughter first named filed with the clerk of court of the parish of St. Bernard on February 5, 1926, an application for letters of administration and for an order directing the publication of notice of her said application.

The application was filed and entered on the probate docket and given the number 109.

On February 8, 1926, the second-named daughter presented to the district judge an application to be appointed administratrix of her father's succession.

The order directing publication of the notice of said application was signed by the judge on the day it was presented, and was filed by the clerk on the same day under probate No. 111.

On February 9, 1926, the clerk of court returned the first-named application to the attorney, who presented the same, stating that he had not been able to present the same to the judge until the day following that on which the judge had signed an order for the publication of notice of Mrs. Le Clerc's application.

Thereafter on February 20, 1926, the relator filed in the succession proceeding No. 111 a rule to recall and rescind the order rendered by the judge directing notice of the publication of the application of Mrs. Le Clerc.

This rule came on for trial in due course, and after hearing all parties the court dismissed the rule and appointed Mrs. Le Clerc as administratrix.

Thereupon the relator applied to this court for an order prohibiting the judge from proceeding further in the matter and commanding said judge to sign an order for the publication of notice of the relator's application for appointment.

The district judge seems to have based his ruling on the fact that the application of Mrs. Le Clerc was the one first presented to him and that relator's application, though filed with the clerk of court, was not presented to the judge until two days after he had signed the order for the other applicant.

It is stated in the judgment discharging the rule and appointing Mrs. Le Clerc that the two applicants apparently possess equal rights to the administration.

Article 1042, Civil Code, declares that in the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the state, and article 1043 provides that if there be two or more beneficiary heirs of age and present in this state, the judge shall select one or two he shall consider the most solid for the administration of the succession.

The foregoing articles of the Code clearly vest the selection and appointment of administrators, as between beneficiary heirs, in the discretion of the district judge.

When therefore, as in this case, the judge has made a selection and appointment, his ruling will not be interfered with in the exercise of the supervisory jurisdiction of this court. The relator's remedy, if any she has, is by an appeal from the judgment rejecting her application and appointing her contestant.

And moreover it would be doing a vain thing to direct the judge to order notice of relator's application to be published, when as a matter of fact said application has been considered and rejected in a contest provoked by her with the other applicant.

The relief herein asked is denied and relator's petition dismissed.

## On Application for Rehearing.

PER CURIAM. The relatrix complains in her application for a rehearing that we did not decide the question whether the district judge should have granted an order for the publication of notice that she had applied to be appointed administratrix of the succession of her father. The district judge, answering the rule which we issued, said that he had already signed an order for publication of notice of Mrs. Le Clerc's application for appointment when the clerk presented to him the petition which relatrix had filed the day before. Whether the judge was right or wrong

in considering and acting upon the petition of Mrs. Le Clerc before it was filed in the clerk's office does not particularly concern the relatrix in this proceeding. The only question that concerns her now is whether she or Mrs. Le Clerc should administer their father's estate.

Rehearing refused.