## Succession of KALISH.
### No. 1034.

Court of Appeal of Louisiana.  First Circuit.
Oct. 5, 1932.

Ponder & Ponder, of Amite, for appellant.

B. & M. Purser, of Amite, for appellee.

LE BLANC, J.

This controversy is between George Malnar, stepfather of the deceased, John P. Kalish, who applied to be appointed administrator of the succession in his capacity as a creditor of the estate, and one Myrtle Everette, who alleged that she had been lawfully married to the decedent, and, as his surviving spouse or wife, was entitled to the appointment in preference to any other claimant or heir. She avers that she and the decedent were married before Justice of the Peace Trauth at Gretna, La., on December 3, 1930, and produces proof thereof in the form of a certified copy of the marriage certificate that was issued by the marrying official.

Her claim to the administration as surviving wife is attacked by Malnar on the ground that the ceremony entered into between her and the deceased was null, void, and of no effect, and that the alleged marriage is a nullity, because she is a' person of color and the decedent was of the white or Caucasian race. It is urged that marriage between white persons and persons of color is specifically prohibited by article 94 of the Revised Civil Code, which provides, in addition, that the celebration of such marriages carries with it no effect, and is null and void.

The district judge did not pass on the issue of the legality of the marriage between Myrtle Everette and the decedent. He admitted testimony on the question therein involved, but afterwards disregarded it, holding that it was a matter which could not be inquired into in a collateral·manner. He appointed Malnar administrator, on the ground, as we infer, that he was a substantial business man and therefore the sounder of the two applicants.

From the judgment appointing Malnar, the alleged surviving widow took an appeal.

■ If Myrtle Everette was the lawful wife of the decedent and their marriage was not null for the reasons stated in the complaint made against her appointment, the judgment of the lower court was in error in appointing Malnar over her, as the surviving spouse is to be given preference over a creditor in the selection of an administrator to an estate. In prescribing the order of preference among applicants, article 1121, Revised Civil Code, provides that the appointment shall go "to the surviving husband or wife, in preference to the creditors of the deceased. * * *" See Succession of Barber, 52 La. Ann. 957, 27 So. 361; Succession of Henry, 115 La. 874, 40 So. 253. It is in cases where the contest is between beneficiary heirs that the judge is authorized to select the one he considers the soundest or most solid for the administration of the succession. Rev. Civ. Code, art. 1043. Here Malnar does not profess to be an heir; his application being based entirely on his quality as creditor of the estate.

■■ If, however, because of the impediment mentioned, Myrtle Everette and the de-

ceased could not have contracted a legal and valid marriage, she cannot be said to be the surviving spouse or wife, and is not therefore entitled to consideration in this contest over the appointment of an administrator for the succession. The decision of that question presents the most vital and important issue in the controversy.

Counsel for Myrtle Everette, throughout the trial, strenuously opposed what he termed a collateral attack on the marriage. He contends that the validity of the marriage can only be questioned and attacked in a direct action, by an interested party, and before a court of competent jurisdiction. In Succession of Damico, 155 La. 1036, 99 So. 862, 865, the issue involved a contest for administration between the decedent's widow and other heirs, and, as here, it was urged that the widow's marriage to the decedent was null and void as having been contracted in contravention of a prohibitory law of this state. Testimony was offered to substantiate the charge of nullity, but the trial judge sustained an objection to its introduction. The Supreme Court reversed the ruling of the trial judge, and held that the testimony should have been admitted, for it was only upon proof that the marriage could have been declared to be without legal effect. As pertinent to the very point here under consideration, we quote the following from the opinion:

"With respect to the right of one to raise such a question in a contest involving the appointment of an administrator, we may say that in our view the question may be raised in such a contest for the purpose of determining whether the applicant against whom the point is urged is entitled to the administration."

The court finally ruled that, as the evidence had been ruled out, the case would have to be remanded, and it was so ordered.

In the case before us, the district judge admitted the testimony, but states, in rendering judgment, that he disregarded its effect. That was error on his part. The applicant, Malnar, had the right to have the court pass, one way or the other, on this, the most important issue in the case, and we deem it proper, under the circumstances, to remand the case for that purpose.

For the foregoing reasons, it is now ordered that the judgment appealed from be annulled, set aside, and reversed, and it is further ordered, adjudged, and decreed that the case be and the same is hereby remanded to the district court for the purpose of having that court give consideration and effect to the testimony adduced on the question of the validity vel non of the marriage between the decedent and Myrtle Everette and to be further proceeded with according to law; the costs of appeal to be borne by appellant.