**37 So.2d 842**

**Succession of BROWN.**

**Opposition of DAVIDSON et al.**

**No. 38652.**

Nov. 8, 1948.

Claude L. Johnson, of New Orleans, for appellant.

Ellender & Wright, of Houma, for appellee.

PONDER, Justice.

Mrs. Eva Brown, widow of Albion F. Davidson died intestate on February 26, 1947 at Houma in the Parish of Terrebonne. She was survived by five children and seven grandchildren, issue of two predeceased children. Mrs. Ethelwyn Davidson Johnson, wife of Claude L. Johnson, applied to the district court to be appointed administratrix of her mother's succession, alleging that she was a beneficiary heir, and asked for an inventory and appraisement of the estate. Co-heirs, representing 5/7 interest in the estate, opposed her appointment as administratrix and petitioned the court to appoint Norman L. Davidson, a son of the decedent, administrator. On trial the lower court sustained the opposition rejecting Mrs. Johnson's application to be appointed administratrix and appointed Norman L. Davidson administrator of the estate. Mrs. Johnson has appealed. After the appeal was lodged in this Court, counsel for the appellant interposed exceptions of no cause and no right of action leveled at the opposition and petition for the appointment of Norman L. Davidson as administrator.

Counsel for the appellant contends that the appointment of an administrator for the succession is governed by the articles of the Revised Civil Code dealing with the appointment of a curator for a vacant succession and that the opposition and petition for the appointment of Norman L. Davidson as administrator, having been predicated on the articles of the Civil Code governing the appointment of a beneficiary heir as administrator, does not set forth a cause or right of action.

Counsel takes the position that the appellant having presented the first application the judge was required under Article 1124, Revised Civil Code to appoint her administratrix of the succession. He cites several decisions of this Court dealing with the application of creditors, in a class having equal rights, to be appointed curators of vacant successions and contends that these authorities are applicable in the present case because the heirs have not accepted the succession simply or with benefit of inventory.

We are not presented with a vacant succession in this case or one where the heirs are absent and not represented in the State. Consequently Article 1113, R. C.C. does not apply. A vacant succession is a succession which no one claims or one

where the heirs are unknown or one where the known heirs have renounced it. Article 1095, Revised Civil Code. In the present case most of the heirs reside in the State and the absent heirs are represented by counsel.

Under the provisions of Articles 940 and 941, Revised Civil Code forced heirs acquire a succession by operation of law at the death of the person they succeed. Their rights are held in suspension until they accept or reject the succession. Article 946, Revised Civil Code. The acceptance with benefit of inventory is governed by Article 1032, Revised Civil Code. The appointment of an administrator for the succession is governed by Article 1033, Revised Civil Code, which requires the judge to select one or two of the beneficiary heirs that he shall consider most solid for the administration of the succession because there are more than two beneficiary heirs of age who are present in the State. The term "beneficiary heir" applies to those who may accept the succession as well as those who have accepted. The term embraces not only the heir who has accepted with benefit of inventory but those who may accept with benefit of inventory. Succession of Sloane, 12 La.Ann. 610; Succession of Gusman, 36 La.Ann. 299.

Counsel for the appellant contends that the lower court erred in appointing the administrator after it had been proved that he owed various debts which had not been paid and a debt to one of the heirs that might prevent a proper accounting from such heir for the manner in which he handled the decedent's estate for many years prior to her death. There is testimony that the administrator is an experienced business man and his appointment is favored by most of the heirs. The appellant admits that she is a housewife and has had very little business experience. She lives out of the State and would have to rely to a great extent on her husband to attend to the affairs of administration.

The appointment of administrators as between beneficiary heirs to a succession rests largely in the discretion of the trial judge and his selection of an administrator will not be disturbed except where there is an abuse of discretion in making the selection. Article 1043, Revised Civil Code; Succession of Guate, 161 La. 981, 109 So. 784; Succession of Kneipp, 172 La. 411, 134 So. 376.

Under the circumstances in this case, we are in no position to state that the trial judge has abused his discretion in the selection of the administrator.

For the reasons assigned, the exceptions are overruled and the judgment is affirmed at appellant's costs.