## TURNER ET AL *vs.* KIRKMAN.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where two, or more persons apply for the curatorship of a succession exceeding three hundred dollars in value, who are equal in their pretensions and qualifications, the probate judge should give it to the *two* first applying.

On the 7th May, 1836, Alexander Kirkman made application to be appointed curator of the vacant estate of W. G. Logan, deceased, on the ground that said Logan at his death was a member of the firm of A. Kirkman & Co., and was considerably indebted to it, and that the applicant was consequently a creditor of said estate.

On the 12th May, John S. Turner and Elihu Woodruff, trading under the firm of Turner & Woodruff, also applied for said curatorship, showing that they were creditors of the deceased to a considerable amount, and residing in New-Orleans, where said succession was opened.

The probate judge considering the pretensions of the several applicants as about equal, gave the curatorship to the one that first applied, viz: Alexander Kirkman. Turner & Woodruff appealed.

37

*Strawbridge,* for the appellants.

*Preston, contra.*

*Bullard, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the Court of Probates, by which the appellee was appointed curator of the vacant succession of G. W. Logan, in preference to the appellants. The three applicants were creditors of the deceased for different amounts, and their right to the curatorship being equal in the opinion of the judge, he decreed it to the one who had first applied, according to article 1117 of the Louisiana Code.

The preceding article declares that if *several* persons claim the curatorship, the judge is bound, except in those successions which do not exceed three hundred dollars in value, to give it to two of them and no more, provided they have the requisite qualifications, and offer sufficient security. **1116** *Louisiana Code.*

This article would appear to leave no discretion to the judge, and is strictly applicable to the case now before the court. There were several claimants, all creditors, and the estate appears to be sufficiently important to require and justify the appointment of more than one curator.

*Where two or more persons apply for the curatorship of a succession, exceeding three hundred dollars in value, who are equal in their pretensions and qualifications, the probate judge should give it to the two first applying.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed ; and, proceeding to give such judgment as in our opinion ought to have been rendered below, it is further ordered, that Alexander Kirkman and John S. Turner, be appointed curators of the vacant succession of G. W. Logan, on their giving bond with security, according to law, to the satisfaction of the Court of Probates ; and it is further ordered, that the case be remanded to the court below for further proceedings in the premises, and that the costs be paid by the estate.