BRUGIER
vs.
BIRON.

---

BRUGIER *vs.* BIRON.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where two persons, whose pretensions are about equal, claim to be appointed curator of a vacant estate, the first applying will be preferred, unless the one opposing *alleges and shows a better right.*

In this case, P. S. Biron applied to the judge of probates to be appointed curator of the vacant estate of Eugene Quezac, who died intestate in the city of New-Orleans.

Brugier made opposition to this application, and claimed the preference on the ground that he was a creditor of said estate in the sum of one hundred and seventy-four dollars. He further alleged, that Biron was neither a friend or a creditor of the deceased, and should not be appointed.

The judge of probates decided, that it appeared Biron first applied, and that he had caused the death of Quezac to be recorded and the seals to be affixed, and paid the legal charges.

That Brugier paid certain accounts of the succession five days after Biron's application, which were liable to be contested ; and that neither of them showed any previous intimacy or friendship for the deceased ; wherefore, the first applicant is entitled to the curatorship. Brugier appealed.

*Haines,* for the appellant, insisted that he should have been preferred, because he was a creditor and the other was not. *Louisiana Code,* 1114.

*Thielen, contra.*

*Carleton, J.,* delivered the opinion of the court.

This is a contest between two applicants for the curatorship of the estate of Eugene Quezac, who died in this city on the 11th September, 1837.

Biron, the first applicant, filed his petition on the 13th, and Brugier his opposition on the 20th of the same month. Neither of them were creditors of the deceased. Biron caused the recording of the death of Quezac to be made, the seals to be affixed, and paid the legal charges therefor.

Two days after he filed his petition, Brugier paid the expenses of interment, and the unsettled accounts of two creditors of the deceased, both together amounting to a very inconsiderable sum.

The court overruled the opposition, conferred the curatorship on Biron, and Brugier appealed.

By the Code of Practice, article 972, it is provided, that this opposition can only be founded on the allegation of a better right on the part of the person claiming the tutorship, (in the French text, " *la curatelle,*") otherwise it shall be rejected with costs, and shall not prevent the confirming the tutorship, (*la curatelle,*) on the person demanding it, if he possess such requisites and give such security as the law calls for.

*Where two persons, whose pretensions are about equal, claim to be appointed curator of a vacant estate, the first applying will be preferred, unless the one opposing alleges and shows a better right.*

We do not think the court erred. Brugier did not show such better right as is contemplated by this law, and the court acted correctly in rejecting his pretensions and sustaining the first application.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.