## Succession of Nicolas.

The holder of a note endorsed in blank is presumed to be the owner, until the contrary be shown.

Where there are several applicants for the curatorship of a vacant succession, which exceeds three thousand dollars in value, the judge is bound to appoint two of them, provided they have the requisite qualifications. C. C. 1116, 1117. There is no difference as to the rights of applicants for the curatorship, founded on the amount of their claims.

In appointing a curator to a vacant succession, creditors must be preferred to those who are not. C. C. 1114.

APPEAL from the Second District Court of New Orleans, *Canon*, J.

*Grandmont*, for the appellant. *Seghers*, pro se. *Lisbony*, on the same side.

The judgment of the court was pronounced by

KING, J. This is a controversy among several applicants for the administration of the vacant estate of *Jacques Nicolas*, deceased. The judge below conferred the appointment on *Julien Seghers* alone, and from his judgment, *Albuzzi*, one of the applicants, has brought up this appeal.

The first application for the curatorship was made by *Seghers*, who represented himself to be a mortgage creditor of the deceased. The second was presented by *Lancuville*, and subsequently withdrawn. The third was made by *Albuzzi*, who alleged that he was a creditor of the deceased, that the succession exceeded $3,000 in value, and asked to be appointed jointly with *Seghers*. *Salvatory* opposed all these applications, and claimed the exclusive administration for himself, on the ground that he had been the agent of the deceased, possessed his confidence in his life-time, and was conversant with his affairs. In his opposition, he alleges that *Seghers* is not a creditor of the deceased; and that the mortgage notes held by the latter, belong to *Theodore Seghers*, whom he represents as agent. These notes are endorsed in blank by *T. Seghers*, and are in the possession of *Julien Seghers*, who is presumed to be the owner until the contrary be shown. No such adverse ownership has been made to appear. His application was the first in point of time, and no other applicant having established a superior right, he is entitled at least to a share in the administration. The succession, however, exceeds $3,000 in value, and the Code requires imperatively, in such cases, that two persons be appointed to the administration, when there are several applicants who have equal rights, and possess the requisite qualifications. Civil Code, arts. 1116, 1117. 11 La. 290.

*Albuzzi* is shown to be a creditor. It is urged that his claim is small and insignificant, in comparison with that of *Seghers*. The law makes no distinction, in this respect, between the rights of applicants for the administration of estates. He has not opposed the application of *Seghers*, nor claimed for himself the exclusive administration in virtue of any superior right, but only asserts an equal right to it as a creditor. We think the court erred in rejecting his claim. As creditors, and as earlier applicants, the claims of *Seghers* and *Albuzzi* are both preferred to that of *Salvatory*, who is not a creditor. Civil Code, art. 1114.

For the reasons assigned, it is ordered that so much of the judgment of the District Court as rejected the application of *Philip Albuzzi* to be appointed the curator of the vacant succession of *Jacques Nicolas*, deceased, be reversed.

SUCCESSION OF It is further ordered that, said *Albuzzi* be appointed curator of said succession
NICOLAS. jointly with *J. Seghers* ; and that, in other respects, the judgment be affirmed,
the costs to be paid by the succession.