## SUCCESSION OF BRISCOE.

Where an illegitimate child, not acknowledged by either parent, dies without issue, his estate will devolve upon his surviving wife, not separated from bed and board. C. C. 911, 918.

In the appointment of an administrator, the beneficiary heir, of age, and present in the State, must be preferred to every other person. C. C. 1035. Where there is but one beneficiary heir, this right of preference entitles him to the exclusive administration of the succession.

APPEAL from the District Court of Madison, *Selby*, J.  *R. C. Downes*, for the appellant, cited Civil Code, arts. 911, 918, to show the heirship of the appellant, and arts. 1035, 1114, to establish her exclusive right to the administration, as sole beneficiary heir.

*Pepper* and *Bemis*, on the same side.

*Thomas*, contrâ.

The judgment of the court was pronounced by

KING, J.  *Samuel Briscoe* claimed the administration of the succession of *John Briscoe*, alleging that he was a half brother of the deceased. His application was opposed by *Martha J. Briscoe*, the surviving widow of the deceased, who asserted that she was the beneficiary heir of her husband, and, as such, entitled to the exclusive administration, which she claimed. The court below appointed both of the applicants jointly, and *Martha J. Briscoe* has appealed.

It appears from the evidence that *John Briscoe* was an illegitimate child; that he was legally married to the appellant, from whom he was not separated from bed and board, and that he died without issue. There is no proof that he was

acknowledged by his father or mother. *Samuel Briscoe*, who is the legitimate son of the common father, is not the heir of his illegitimate brother, nor does he claim in his petition to stand in that relation to him. The succession of the deceased then devolved by law on his widow, who has accepted it with the benefit of inventory, and claimed to be put in possession. Civil Code, arts. 911, 918. In the appointment of administrators, the beneficiary heir of age and present in the State, is *preferred* to every other person. Civil Code, art. 1035. The judge below appears to have considered that the appellant presented no superior claim, and that he was authorized to appoint two persons to the administration. We think he erred. The right conferred by law on the beneficiary heir is a preference, which, when claimed, excludes all others from paticipating in the administration. The appellant, as the sole beneficiary heir of the deceased, is entitled to the exclusive administration of his succession.

It is therefore ordered that so much of the judgment of the District Court as confers upon *Samuel Briscoe* the appointment of a joint administrator of the succession of the late *John Briscoe* deceased, be avoided and reversed. It is further ordered that so much of said judgment as confers upon *Martha J. Briscoe* the appointment of administratrix of said succession, be affirmed, and that she have the exclusive administration thereof; the appellee paying the costs of both courts.