SUCCESSION OF VALERY MARTIN—Opposition to Administration.

The priority of application has weight principally in the appointment of curators to vacant successions, or to application by creditors to be appointed administrators, and then only among persons otherwise having equal rights.

A Judge is not bound to appoint two beneficiary heirs, even with equal claims, administrators of a succession, the law leaving it discretionary with him to appoint one or two, regard being had to the solidity of the appointee.

Allegations of fraud cannot be noticed in an opposition to an application for administration, as they form the subject of an independent litigation, and should not be tried collaterally.

APPEAL from the District Court of the Parish of St. Martin, *Martel*, J. *DeBlanc & Fuselier*, for plaintiff and appellant. *C. H. & E. Mouton* and *Simon & Gary*, for defendant.

SPOFFORD, J. *Simeon Valery Martin*, a grandson of the deceased *Valery Martin*, being one of his heirs by representation, and *Balthazar Martin*, son and heir in his own right of the said deceased, filed their applications, on the same day, for the appointment of administrator of the succession. They afterwards filed mutual oppositions to each others claims. The surviving widow intervened in support of *Balthazar's* claim, and in opposition to that of *Simeon Valery Martin*. The District Judge decided in favor of *Balthazar*, appointing him sole administrator, and *Simeon Valery Martin* has appealed.

The appellant contends that he should be appointed sole administrator, or, at least, co-administrator with his uncle *Balthazar*.

He bases his first claim upon the priority of his application, and upon certain allegations of fraud against *Balthazar*. The priority of application seems to

have weight principally in the case of the appointment of *curators to vacant estates*, or to applications by creditors to be appointed administrators, and then only among persons otherwise having equal rights. C. C. 1118. As to the alleged frauds, we cannot speak from the evidence in this record; they should be not tried collaterally in this controversy, as they form the subject of an independent litigation.

And as to the claim for a joint administration, we have to remark, that the Judge is not compelled to appoint two beneficiary heirs, even with equal claims, administrators of the succession.

" If there be two or more beneficiary heirs of age and present in this State, the Judge shall select one *or* two, whom he *shall consider most solid,* for the administration of the succession." C. C. 1036.

This leaves it discretionary with the Judge to appoint one or two. The nature of the controversies between these applicants suggests a reason why the succession should not be embarrassed by the appointment of two hostile administrators. Formerly, in case of a *vacant* succession worth over $3,000, the administration of which was claimed by several persons, the Judge was *bound* to give the curatorship to *two* of them, and no more. C. C. 1116. But this was found to lead to such unseemly disputes in regard to the management of property under the joint administration of parties who disagreed, that, in 1854, the Legislature interfered and amended the Article 1116, by declaring that the Judge should appoint *one* of the several applicants to act as *curator.* Session Acts, 1854, p. 51.

In beneficiary successions the Judge may appoint *one* or *two* of the beneficiary heirs administrators, as he sees fit; regard being had to the solidity of the appointee.

The District Judge in this case thought the appellee, *Balthazar Martin,* the most solid; his interest in the succession as heir in his own right, is larger than that of the appellant, who is one of several heirs by representation of his deceased father *Placide Martin.* We cannot say that the Judge erred.

Judgment affirmed.