## No. 1115.

### SUCCESSION OF AUGUSTE PICARD.

33  1135
113    62

33  1135
f118   210

Act No. 106 of the Legislature of 1880, giving power to the Clerks of the District Courts, throughout the State, the Parish of Orleans excepted, to appoint administrators of successions, does not dispense them with the necessity of rendering an order in making the appointment; and, until such an order is rendered, the appointment is invalid and a party with a better right to such appointment, is in time to present his application.

APPEAL from the Twenty-fifth Judicial District Court, parish of Lafayette. *Mouton*, J.

---

*M. F. Rigues* for Plaintiff and Appellee:

The beneficiary heir, present or represented, has preference over every other person, not excepting the surviving husband or wife. R. C. C. 1042 -1121; Suc. of Briscoe, 2 An. 268; Suc. of Williamson, 3 An. 261; Suc. of Brinkham, 5 An. 27. Curatorship of an estate can only be granted by an order of court. 6 An. 700; 3 An. 587; 26 An. 330.

When appointed their powers cease when heirs present themselves and demand the administration. 4 L. 571 ; 4 An. 25 ; R. C. C. 1192.

Preference may be claimed as long as the appointment has not been confirmed on an earlier applicant, though the opposition has not been made in the ten days. Suc. of McKinney, 4 An. 25 ; Suc. of Block, 6 An. 810.

Deputy Clerks cannot exercise judicial functions. Constitution, Art. 122, Act 1880, No. 106, Secs. 2, 7.

Though the surviving spouse be a creditor or usufructuary of an estate, the beneficiary heir may still claim the preference in the administration. R. C. C. 1121; Suc. of Brinkham, 5 An. 27.

*M. E. Girard* for Defendant and Appellant:

An enabling order from a clerk is not necessary to authorize him to perform duties he is authorized by law to perform.

---

The opinion of the Court was delivered by

Poché, J. At the death of Auguste Picard his widow applied for the administration of his succession, and after public notice and legal delays, she took the oath and furnished her bond as administratrix, September, 1880.

In December following, Aristide Picard, alleging that he was a son of the deceased by a previous marriage, and as a beneficiary heir of age and present, entitled to preference in the appointment of an administrator on his father's estate, filed a petition opposing the right of the widow to the administration of said succession, on the ground that she had attempted to qualify as administratrix without an order of appointment, and that she had no letters of administration, concluding with a prayer for recognition of his superior rights, and for the appointment to the administration of the succession.

His opposition was sustained by the lower court, from whose judgment widow Picard has appealed. The record shows that, on September 27th, 1880, appellant subscribed an oath and furnished a bond, as administratrix of the succession of Auguste Picard, but it contains no order, either of the judge or of the clerk, appointing her as such. It is, in fact, conceded by her counsel that no such an order was ever granted, and he contends that under the provisions of Act 106, 1880, relative to the duties and powers of clerks of court, in all parishes other than the parish of Orleans, passed in furtherance of Art. 122 of the Constitution, no such order is necessary. He contends that the power to appoint administrators being specially conferred to clerks, it would be an idle and useless ceremony for the clerk to issue an order to himself, directing the performance of a certain duty.

Previous to the adoption of that act, the power to appoint administrators was vested exclusively on the judge of the court, without whose order or decree the clerk was absolutely powerless to consider or act on the application of any one for appointment as administrator, and it,

therefore, follows that without such an order, the act of the clerk in administering the oath of administrator to an applicant, and accepting his bond as such, would have been an absolute nullity.

The legislation authorized by Art. 122 of the Constitution and incorporated in Act 106 of 1880, did not have for its object, and cannot be attributed the effect of dispensing from the order appointing the administrator. Its only object was to invest the clerk with the power of making such appointment, a power which had been specially denied him by the Constitution of 1868, and a power which was required for a proper and a speedy administration of justice under the new Constitution of 1879, which had abolished the system of parish courts, under which every parish had constantly present a probate judge, entrusted with the exclusive power to issue all orders and render all decrees necessary in the settlement of successions. The order appointing an administrator, is not an order from the clerk ordering himself to qualify the administrator, but it is a judicial function specially authorized by the act of the Legislature, and is the indispensable mandate of the court, under which alone the administrator is authorized to qualify and to represent the succession thus entrusted to him, and by virtue of which he becomes the officer of the court in the management of the succession.

To him it is his commission, as the commission of the Governor is the muniment of State and other officers' titles to their offices. By the same act the clerk is authorized in certain cases to grant writs of injunction ; we can hardly conceive that it could be contended that, in the absence of an order granting the writ of injunction, the mere accepting by the clerk of the injunction bond would or could operate a legal stay of the execution or other proceeding sought to be enjoined.

We, therefore, conclude that appellant in this case has not yet been appointed according to law, as the administratrix of her husband's succession, and that appellee's opposition to her application is in time, notwithstanding the expiration of the ten days' public notice. Succession of Block, 6 An. 810; Succession of McKinney, 4 An. 25; Hook vs. Richardson, 4 L. 571.

The question is thus narrowed down to the contest for the administration between the beneficiary heir of age, and the surviving wife without issue from the marriage. That the heir must be preferred is clearly settled by Art. 1121 of our Code, and, therefore, the judgment of the lower court is correct.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.