**(111 So. 658)**

**No. 28149.**

**Succession of RABE.**

(Jan. 31, 1927. Rehearing Denied Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ☞17(3)— **Succession; second wife could not be appointed administratrix in preference to son by first wife, though all intestate's property was interest in community with second wife (Civ. Code, art. 1042).**

Son of intestate by first wife *held* entitled to administration of father's succession, as against widow by second marriage, under Civ. Code, art. 1042, providing preference in choice of administrator shall be given beneficiary heir over every other person, despite fact that all property left by deceased was his half interest in community which existed between him and second wife; trial judge having no discretion as to appointment.

2. **Executors and administrators** ☞17(3)— **Succession; that son had neglected to support child did not deprive him of right to preference as administrator of father's succession, as against second wife (Civ. Code, art. 1042).**

Temporary failure of son of intestate by first wife to support infant child, occurring ten years before he sought appointment as administrator, and contradictory answers at trial on charge of nonsupport, *held* insufficient to deprive son of right to be chosen administrator in preference to intestate's second wife, under Civ. Code, art. 1042, giving beneficiary heir preference over every other person as administrator.

3. **Executors and administrators** ☞17(7)— **Succession; request of heir that widow be appointed administratrix does not control appointment resting in court's discretion.**

Request of heir that widow be appointed administratrix in preference to son, though entitled to some consideration, does not control appointment resting in discretion of court.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the Succession of Morris J. Rabe, Sr. Application by Mary Imogene Sullivan for appointment as administratrix of intestate's succession, which was opposed by Morris J. Rabe, Jr., who sought his own appointment as administrator. Judgment appointing applicant administratrix, and contestant appeals. Judgment annulled and set aside, and contestant ordered appointed administrator.

Richard A. Dowling, of New Orleans (Alfred J. Bonomo, of New Orleans, of counsel), for appellant.

Michel Provosty and Robert E. Bell, both of New Orleans, for appellee Mrs. Morris J. Rabe, Sr.

OVERTON, J. This proceeding is a contest over the appointment of an administrator

for the succession of Morris J. Rabe, Sr. Rabe died in New Orleans on March 13, 1925. He was married twice, the first time to Victoria Fricken, now deceased, by whom he had one daughter and three sons. After the death of his first wife he married Mary Imogene Sullivan. There was no issue of this marriage. All the property left by Rabe at his death was his half interest in the property that belonged to the community that existed between him and his second wife.

Shortly after Rabe's death his widow Mary Imogene Sullivan, applied to be appointed administratrix of his succession. Her application was opposed by Morris J. Rabe, Jr., a son of the decedent, on the ground that, as a beneficiary heir of the deceased, he was entitled to be appointed in preference to the widow in community, who was not an heir of the deceased. The daughter of the deceased, Mrs. Henrietta Rabe, wife of Thomas West, filed a petition, praying that her step-mother be appointed in preference to her brother, Morris J. Rabe, Jr., though assigns no particular reason for so praying. The lower court thought that the widow should be appointed in preference to the son, and rendered judgment accordingly. From this judgment the son prosecutes this appeal.

The widow urges that the judgment appealed from should be affirmed, for the following reasons, to wit:

"(1) Because the widow (or widower) in community is among those persons from whom the administrator should be selected.

"(2) Because the sound discretion exercised by the trial judge in selecting the widow in community as administratrix should not be disturbed.

"(3) Because the appellant here, and only opponent of the widow, has shown himself by his own testimony to be unworthy of the trust."

[1] If it were only a matter of discretion as to which of the applicants should be appointed, the discretion exercised by the trial judge would not be disturbed without strong reason therefor, but, in this instance, we think that it is not discretionary as to which of the two should receive the appointment, for the law, article 1042 of the Civil Code, provides that:

"In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the state."

This provision necessarily excludes the widow, whether she be the widow in community or not, who is not an heir of the deceased. Succession of Romero, 42 La. Ann. 894, 8 So. 632; Succession of Picard, 33 La. Ann. 1135. However, if the widow should be an heir of the deceased, she would, as an heir, come within the provision. Succession of Briscoe, 2 La. Ann. 268.

Counsel for Mrs. Rabe have, in a very learned discussion of the question, advanced some strong reasons, based upon equitable considerations, why the widow in community, because of the interest she has in the property to be administered, should be preferred to a beneficiary heir, or at least put upon an equal footing with one, in the choice of an administrator, and why our jurisprudence should not be modified accordingly. However, for us to adopt their reasoning would force us to decide contrary to the plain letter and spirit of the law.

[2] The contention that the opponent, Rabe, who is the managing partner in a business firm in this city, is unworthy, and therefore should not be appointed, is based upon the fact that some ten years ago he was charged in the juvenile court with failure to support his child, then a baby seven months old, in its mother's custody, upon which charge he was found guilty and ordered to pay a certain sum weekly for the support of the child, and when questioned on the trial of this case, first denied that he had been so charged, then admitted that he had been, but denied that he had been convicted on the charge. The arrest was apparently the out-

growth of domestic troubles, and the answers to the questions propounded to him were apparently due to surprise and to his becoming embarrassed and confused rather than to an intention to testify falsely.

The law gives the preference, as a matter of right, to the beneficiary heir, in the appointment of an administrator, over one who is not such an heir. It does not expressly provide that he may forfeit this right by his conduct prior to the appointment. However, when appointed he may be removed for infidelity in his administration, and it would seem, upon principle, if his appointment would seriously endanger the rights of others, that the law would not require his selection, as for instance, where he is a person notoriously corrupt. However, in this instance, we are not of the opinion that the temporary failure of opponent to support his infant child, which occurred some ten years ago, and his answers, under the circumstances, to the questions propounded, warrant us in holding that he is not entitled to the preference given a beneficiary heir.

[3] As relates to the petition of Mrs. West, who is one of the heirs, requesting that the widow be appointed in preference to opponent, it may be said that, if it were discretionary whether the widow or opponent should be appointed some consideration might be given her request (Succession of Chaler, 39 La. Ann. 308, 1 So. 820), though such a request does not control the appointment. Succession of Huie, 23 La. Ann. 401. However, in this instance, the appointment of opponent is not discretionary, but is one that must be made as a matter of right.

For these reasons, the judgment appealed from is annulled and set aside, the opposition of Morris J. Rabe is sustained, and it is now ordered that said Rabe be appointed administrator of said succession, and that letters of administration issue to him accordingly, upon his furnishing the bond and taking the oath required by law, the costs of this proceeding in both courts to be borne by the succession.

O'NIELL, C. J., dissents.