[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 146 
On July 2, 1935, Albert Dominique Coco died intestate in the parish of Avoyelles, where he had his domicile, leaving an estate of personal and real property inventoried at the value of $54,000. Deceased had never married, and his father and mother had died before him. He left as his sole heirs two brothers, Lestan L. Coco and Jules A. Coco, and two sisters, one of whom, Mrs. Emma Coco Bordelon, is one of the applicants with Jules A. Coco for writs of certiorari and prohibition herein sought.
Lestan L. Coco, the senior brother of deceased, applied to be appointed administrator of his estate, and included in his application a prayer that, pending the advertisement of his application, he be appointed temporary administrator. The judge a quo ordered his application for appointment as administrator to be duly published, and, at the same time, appointed him temporary administrator. Lestan L. Coco died before he gave bond as administrator, and A. Blumes Coco, nephew of *Page 148 
the decedent, Albert Dominique Coco, and son of Lestan L. Coco, deceased, immediately presented a petition to respondent judge for his appointment as administrator and as temporary administrator. He was appointed by respondent judge as temporary administrator, and his bond was fixed at $69,000. Relators filed a motion or rule to vacate the application and appointment of A. Blumes Coco upon numerous grounds, among which was that he was not a beneficiary heir of Albert Dominique Coco, deceased, but that the relator Jules A. Coco was a brother and beneficiary heir of decedent, and was entitled to be appointed as temporary administrator and administrator by preference, and prayed the court to be so appointed.
Relators' rule was denied in toto, and A. Blumes Coco was maintained in office as temporary administrator by respondent judge.
Relators then applied to this court for writs of certiorari and prohibition. A rule nisi with stay order was granted, but our order was later modified to the extent of permitting A. Blumes Coco, temporary administrator, to operate the plantation and the mercantile establishment of decedent until final disposition of the application for writs applied for by relators, upon executing a bond with good and solvent surety, to be approved by the district judge, in a sum not less than $70,000.
The judge a quo was, in our opinion, in error in maintaining A. Blumes Coco in the office of temporary administrator, on the ground that he was an heir of the *Page 149 
deceased. He had died before his senior brother, Lestan L. Coco, who thereby became the heir of decedent, as he had died intestate and without ascendants or descendants. Upon the death of Lestan L. Coco, A. Blumes Coco, his son, became his heir directly, and not the heir by representation of his uncle, Albert Dominique Coco, deceased.
The relator, Jules A. Coco, is without doubt the beneficiary heir of Albert Dominique Coco. He is of age, present in the state, and, as appears from the record, possesses personal fitness for the discharge of the duties of administrator.
Article 1042 of the Rev.Civ. Code provides that: "In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State."
Article 1043 of the Rev.Civ. Code also provides that: "If there be two or more beneficiary heirs of age and present in this State, the judge shall select one or two he shall consider themost solid, for the administration." (Italics ours.)
In determining "the most solid," business capacity, experience, property, integrity, and everything else that goes to make up personal fitness should be considered. Succession of Chaler, 39 La.Ann. 308, 1 So. 820.
But personal fitness in one who is not a beneficiary heir, as in the case before us, cannot be of any avail to the claimant for administration against the beneficiary heir, of age and present in the *Page 150 
state, who takes precedence over every other person. Succession of Bulliard, 111 La. 186, 187, 35 So. 508; Succession of Rabe,163 La. 149, 111 So. 658.
It is therefore ordered that the rule nisi issued herein be made absolute, and that a writ of prohibition issue herein to respondent judge, Hon. C.R. Bordelon, judge of the Twelfth district court for the parish of Avoyelles, and to respondent A. Blumes Coco, prohibiting them, and each of them, from proceeding any further in said cause.
It is now ordered that the application of respondent A. Blumes Coco, to be appointed administrator be dismissed in the court below, and that his appointment as temporary administrator by respondent judge be, and is hereby, vacated and set aside.
It is further ordered that respondent judge forthwith appoint relator, Jules A. Coco administrator of the succession of Albert Dominique Coco, deceased, and that relator Jules A. Coco be permitted to qualify by taking the oath required by law and upon giving bond with good and solvent surety, to be approved by respondent judge, in a sum not less than $70,000.
It is further ordered that respondent A. Blumes Coco pay the costs of this proceeding.
O'NIELL, C.J., is of the opinion that this is not a case for the exercise of the court's supervisory jurisdiction.