HIGGINS, Justice.
 

 This is a contest between two creditors of a vacant succession to be appointed dative testamentary executor or administrator thereof. The second applicant opposed ¡the
 
 *481
 
 appointment of the first one on the grounds that he had a better right to the appointment and that the first claimant was disqualified. The first applicant asked the court for judgment on the face of the record, because, under the allegations of the second claimant’s application and opposition, it appeared as a matter of law that the first applicant was entitled to the appointment. The trial judge refused to appoint the first applicant on the ground that the court had a discretion in making such appointments, overruled his pleas, and ordered the case to be heard on its merits. An application for a new trial having been overruled, the first applicant applied to this court for writs of prohibition, certiorari and mandamus, which were granted, and the issues are now before us for decision.
 

 William G. Strange, a resident of Beauregard parish, this state, died on March 14, 1935. On April 8, 1935, his widow was appointed and qualified as testamentary executrix. On October 15, 1936, the widow, Mrs. Minnie Strange, died, leaving the succession of William G. Strange, her husband, vacant. On December 5, 1936, George Bail-lio, a resident of Calcasieu parish, and a large creditor of the deceased, William G. Strange, presented his application and demand to the judges of the Fourteenth judicial district court, in and for the parish of Beauregard, for letters of administration of the vacant succession, and, on the same day, the district judge ordered the application to be published, according to law, and that an inventory be taken by a named notary public and two appraisers. The application and order were filed with the clerk of court on December 7, 1936. Apparently, due to the involved condition of the succession, the notary and appraisers appointed by the court to take the inventory did not complete it until about four months later, thus delaying applicant in his final qualifications for letters of administration.
 

 On March 29, 1937, Merton E. Crawford, alleging that he was a creditor of the succession, filed his application for letters of administration of the vacant succession, disregarding the previously filed application of Baillio. On April 1, 1937, Crawford filed an opposition to Baillio’s application, alleging himself to be a larger creditor of the succession, and a resident of Beauregard parish, while Baillio was a resident of Cal-casieu parish. On the same day, Crawford also filed a supplemental petition of opposition to the application of Baillio on the ground that he (Baillio) had been appointed administrator of the succession of Mrs. Minnie Strange, No. 593 of the docket of the court; that there was considerable property belonging to William G. Strange and his wife; that valuable community property was inventoried and administered in the succession of Minnie Strange, as her separate property, by George Baillio; “that there is an adverse interest between the two successions and consequently an adverse interest between the creditors of the two successions, and since said successions and the interests of the creditors thereof are in direct conflict, it is impossible for one and the same person to administer on' both successions, as there'will be inevitable conflicts and possible litigation concerning said assets”; and that therefore George Baillio
 
 *483
 
 'was disqualified from serving as dative testamentary executor or administrator of the vacant succession.
 

 In the meantime, the applicant Baillio had caused inventories to be made of the property in both Beauregard and Calcasieu parishes belonging to the vacant succession of William G. Strange, and had them ho-mologated by the court, and his bond as testamentary executor or administrator fixed by the court.
 

 On April 5, 1937, Baillio opposed the application of Crawford, alleging that he was a larger creditor of the deceased; that he had been his advisor and business manager; that he had been diligent in locating and preserving the assets of the succession; that he had spent considerable time in making preparations for the defense of a $90,-000 suit against the deceased; annexing a copy of the petition to his opposition; that his application or demand for appointment had been filed and notice thereof duly published; that the inventories had been made of the property located in Beauregard and Calcasieu parishes, filed and homologated; that the amount of his bond had been fixed by the court; that he was ready and willing and able to furnish bond and subscribe to the necessary oath and comply with the. requisites of the law for the issuance of letters of administration to him; and that, under the mandatory provisions of the law, he was entitled to be appointed in preference to. Crawford, and prayed for the rejection of Crawford’s claims.
 

 On May 19, 1937, Baillio filed a motion to dismiss and strike out the application and opposition filed by Crawford on the ground that on the face of the record, and particularly in view of the allegations contained in the application and opposition of Crawford, it appeared that he had no legal right to be appointed dative testamentary executor or administrator in preference to Baillio; but that, on the contrary, the record on its face conclusively showed that Baillio, the first applicant, was entitled to be preferred to Crawford, and to be summarily appointed dative testamentary executor or administrative of the vacant succession, without further inquiry.
 

 The trial judge heard the motion to dismiss and strike out on May 24, 1937, and on May 29, 1937, rendered a written opinion, overruling the motion on the ground that the district judge had a legal discretion in the appointment of an administrator of a vacant succession and refused to appoint Baillio forthwith, without further inquiry, and ordered the applications and oppositions to be tried on their merits.
 

 Upon the judge’s refusal to grant a new trial, Baillio applied to this court for writs, which were granted.
 

 Respondent contends that relator is not entitled to writs, because he has an adequate remedy by appeal. It clearly appears from the record that the relator squarely placed before the trial judge the question of his absolute right to the appointment as dative testamentary executor or administrator of the vacant succession, as a matter of law, on the record as made up. If, as a legal proposition, Crawford was not entitled to be appointed by preference or because of a better right, or did not allege facts sufficient to show that Baillio was disquali
 
 *485
 
 fied, there could be no reason for proceeding to try the issues on the merits. In short, if Crawford, on the face of the pleadings, failed to show a better or preferred right to the appointment, or that his opponent was legally disqualified, nothing would be accomplished by hearing the applications and oppositions on their merits. If, under the law, Baillio was entitled to be appointed by preference over Crawford, and was not legally disqualifiéd, an appeal from an adverse judgment would not have been an adequate remedy, because Baillio would only be entitled to a devolutive appeal, under the plain provisions of article 1120, R. C.C., which certainly would not be adequate to protect his rights in the premises. R.C.C. art. 1120. The present procedure by writs was sanctioned in the cases of Succession of Coco, 184 La. 144, 165 So. 646, and Succession of Serres, 133 La. 929, 63 So. 409.
 

 Under the provisions of article 1124 of the R.C.C., if several persons of equal rights claimed the right to be appointed dative testamentary executor or administrator of a vacant succession and have filed their applications at different times, the judge must award the appointment to him who has first presented his demand, if he offers the necessary security. The trial judge has no discretion in the matter. See, also, C.P. art. 972.
 

 Unless the person opposing an application for letters of administration alleges a preferential or better right to be appointed than the one he opposes, his claim shall be rejected with costs and shall not prevent the appointment of the person first demanding it, if he possesses such requisites and gives such security as the law requires. In such a case, where the opposition shows on its face that it is without legal foundation, it is unnecessary to try it on the merits. C.P. art. 972; Brugier v. Biron, 13 La. 77.
 

 The first applicant among creditors for letters of dative testamentary executor-ship or administration of a vacant succession is entitled to the appointment, without reference to the amount or dignity of the claims of the rival contestants. Succession of Desire Beraud, 21 La.Ann. 666; Succession of Thomas E. Vick, 19 La.Ann. 75; Turner et al. v. Kirkman, 11 La. 289; Succession of Nicolas, 2 La.Ann. 97; and Brugier v. Biron, supra.
 

 The fact that an applicant for letters of administration of a vacant succession is an administrator of another succession, and that there may arise a possible or probable conflict or litigation between the creditors of the two successions, does not disqualify him from appointment. Succession of Martin, 13 La.Ann. 557; Girod’s Heirs & Legatees v. Girod’s Executors, 18 La. 394-402; Rust v. Randolph, 5 Mart.(O.S.) 89.
 

 The mere fact that there was some delay in the taking of the inventory "and the publication of the letters of administration of the first applicant is not a legal reason for disqualifying him. The notary and appraisers, as well as the clerk of the court, had the primary obligation of seeing that these respective duties were carried out, having been ordered by the court to do ,so< We have been referred to no authority which holds that because the applicant re
 
 *487
 
 sides in another parish from where the succession has been opened is a reason to legally disqualify him. As pointed out in some of the foregoing authorities, the court will not presume that an administrator who has a preferential right to be appointed will not carry out his duties faithfully and efficiently ; he gives security that he will so act and, until facts are alleged which show that the first applicant is disqualified or that some one has a better or preferred right, it is a useless task to hear the opposition on the merits.
 

 For the reasons assigned, the rule nisi is made absolute, the judgment of the lower court annulled, the writs perpetuated, and the district judge is ordered and directed to appoint George Baillio as dative testamentary executor or administrator of the vacant succession of William G. Strange forthwith; respondent to pay all costs of court.
 

 O’NIELL, C. J., is of the opinion that the district judge is invested with some discretion in the matter of appointing a dative testamentary executor or an administrator of a vacant succession, and hence that the judge is not subject to mandamus in this case.