DOMENGEAUX, Judge
(dissenting).
This appeal concerns itself with the subject of arbitration. Plaintiff-appellee, Guillory Real Estate, Inc. and defendants-appellants, Lorris M. Ward and Barbara R. Ward d/b/a Ward Real Estate, are realtors and members of the Greater Cal-casieu Board of Realtors. The by-laws of the latter Board provide that disputes between members which are within the ambit of their business dealings must be submitted to arbitration. The by-laws further provide for a Professional Standards Committee, composed of three members having designated powers and duties. One of its functions is to sit as an arbitration board to hear and determine such matters in dispute. The chairman of the committee, under the by-laws, must swear in all witnesses appearing at such an arbitration hearing.
Defendants herein had an exclusive listing on certain property in Calcasieu Parish, which was ultimately sold. Plaintiff, claiming that it had shown the property to the purchaser, through one of its agents, and that it was responsible for the ultimate sale, demanded one-half of the commission which defendants received as a result of the sale. Defendants denied owing anything to plaintiff, and after some time, and in keeping with the by-laws of the Board to which they both belonged, arbitration was agreed upon between the disputing realtors.
The arbitration hearing was held on April 11, 1973, before the Professional Standards Committee composed of Mike D. Bono — Ad Hoc Chairman, Jules E. Gug-lielmo, Sr. and Robert F. Pierce. The arbitrators were not sworn in, but the witnesses who testified at the hearing were administered an oath by the Chairman, Mr. Bono, presumably by virtue of the authority granted in the Board’s by-laws. Mr. Bono however was neither Judge, Justice of the Peace, Notary, or any other type officer legally empowered to administer oaths. By letter dated April 20, 1973, the parties were informed that the arbitrators had found in favor of plaintiff and awarded it one-half of the sales commission which defendants had received. The letter was signed by Mike D. Bono, as Chairman. Subséquently, the parties received a second letter, dated May 17, 1973, signed by all three arbitrators who had heard the complaint, and which purported to ratify the initial letter of April 20, 1973, “out of an abundance of caution”, in that the said letter had only been signed by the Chairman. Thereafter plaintiff successfully had its award homologated in the District Court.
In asking that we reverse the judgment of the District Court, defendants-appellants cite four assignments of error on the part of the trial judge:
1. In holding that the Louisiana Arbitration Law, LSA R.S. 9:4201 et seq. repeals all provisions of the Revised Civil Code on the subject of arbitration.
*858 2. In holding that the failure of the arbitrators to sign the award (citing LSA R.S. 9:4208) did not affect the validity of the award, and that arbitrators may cure this defect at any later time by saying that they then agree with the award.
3. In failing to hold that the oath administered to witnesses at the arbitration hearing was invalid, and thus, the award was rendered upon unsworn testimony.
4. In holding that the failure of the arbitrators to be sworn did not subject the award to attack for invalidity.
In disagreeing with my esteemed brothers of the majority, I would reverse and vacate the award and remand this matter for a rehearing by the arbitrators. I conclude that assignments of error One and Four are well taken.
The majority opinion concludes that the trial court did not hold that the Title 9 Louisiana Arbitration Law repealed the Civil Code Articles on Arbitration. In that connection, the trial judge said:
“Since the adoption of the Louisiana Arbitration Law, compliance with its provisions is sufficient, notwithstanding the provisions of previously adopted Civil Code articles relating to the same subject matter.”
That statement is clear. Although the word “repeal” is not used, it has the effect of disregarding.the Civil Code Articles on Arbitration, which for the reasons hereafter shown, I suggest is incorrect.
The fundamental law of Louisiana relative to arbitration hearings and award is contained in Articles 3099 to 3132 of our Civil Code. These Code articles are further supplemented by LSA R.S. 9:4201 through 9:4217.[1] The latter statutes are only a portion of the whole of Revised Statutes Title 9 which are known as the Civil Code Ancilliaries, and are auxilliary to the Civil Code. It is evident that the legislature by enacting into law the Title 9 Ancilliaries did not intend to repeal all comparative provisions of the Civil Code. Where the specific provisions of a Civil Code Article conflict with a later expression of the legislature, as may be the case in some of the Title 9 Ancilliaries, then we are bound to construe the latter enactment as a repeal sub silentio of the earlier codal article. However, where the latest expression of the legislature in a given area does not either specifically repeal or directly conflict with an earlier enactment in the same area, then we are bound to give effect to the earlier enactment, construing it in pari materia with the latest expression in that area of the law. In that connection, I take note of the comments of Mrs. Harriet S. Daggett, the reporter who drafted the project for Title 9, Civil Code Ancilliaries, to the effect that in dealing with Article 9 material, as in dealing with our Civil Code, it is necessary to be aware of Article 17 of the Revised Civil Code of 1870 which reads:
“Art. 17. Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another.”
In the above context, under Civil Code Article 3111 as interpreted by the jurisprudence, arbitrators are required to take an oath before a Judge or Justice of the Peace before hearing the matter submitted for arbitration, and in the absence of being sworn, any arbitration award made is invalid. King v. King, 104 La. 420, 29 So. 205 (1901); E. V. Benjamin Co. v. Royal Mfg. Co., 172 La. 965, 136 So. 19 (1931); Overton v. Alpha, 13 La.Ann. 557 (1858). I find nothing in LSA R.S. 9:4201-9:4217 which is in conflict with the Civil Code requirement that the arbitrators be sworn, nor which repeals said requirement, or in *859 any way directly or indirectly suggests that the arbitrator’s oath is no longer needed to lend validity to any pronouncement which is ultimately made. Inasmuch as the arbitrators did not take the required oath before proceeding to hear this arbitration dispute, the award which is the subject of this appeal is invalid.
Although I feel the requirement of the arbitrator’s oath may be waived under certain circumstances, such as by agreement between the parties, I cannot say that there was such a waiver under the facts of this dispute. I deem it reasonable that parties appearing before an arbitration board under circumstances such as we have in this case, have a right to presume that the arbitrators are legally constituted to act as such. We should not presume that the litigants would have waived the arbitrator’s oath requirement had they known or should have known otherwise.
Although not necessary for the disposition of this case, I deem it appropriate to touch upon appellants’ third assignment of error having to do with the alleged invalidity of the oaths administered to the various witnesses by the Chairman, Mr. Bono. I find no provision in either C.C. Articles 3099-3132 or R.S. 9:4201-4217 making it mandatory that witnesses testifying at an arbitration hearing be sworn. C.C. Art. 3115 specifically states that arbitrators have no authority to compel witnesses to appear before them or to administer an oath. I do not interpret the latter prohibition however to prevent an arbitrator from administering an oath to a witness if said arbitrator is otherwise qualified to administer oaths by being a Notary Public or other official possessing oath-giving authority. C.C. 3115 does contemplate that witnesses shall be sworn by a Justice of the Peace but only if required by the arbitrators.
As aforementioned, the by-laws of the Greater Calcasieu Board of Realtors have a mandatory arbitration set up for its disputing members and provide that the Chairman of the Professional Standards Committee must swear in all witnesses who appear to testify at an arbitration hearing. It is elementary of course that the authority to administer an oath is granted only by law, State or Federal, as in the cases of Judges, Justices of the Peace, Clerks of Court, Notaries, etc. I opine that the Greater Calcasieu Board of Realtors through its by-laws or other rules may provide that witnesses must be sworn in at its arbitration hearing, but is has no authority to cause an oath to be administered by one who is not otherwise legally commissioned for that purpose. In this case, Mr. Bono was not otherwise commissioned. He had no authority to administer the oaths to the witnesses who testified at the hearing of which he was chairman. Although under certain circumstances the failure to swear in witnesses at an arbitration hearing may be waived tacitly or expressly by the parties[2] do not find that the parties waived their right to having oaths administered by one properly empowered to do so.
I respectfully suggest that the majority opinion oversimplifies the matter before us and completely ignores the procedural legislative mandates on the subject of arbitration.
For the above and foregoing reasons I would vacate the award of the arbitrators as homologated by the District Court, and, under the authority of LSA R.S. 4210(D), remand this matter to the Professional Standards Committee of the Greater Cal-casieu Board of Realtors for a rehearing by the abritrators not inconsistent with the views expressed herein.
I respectfully dissent.

. LSA R.S. 9:4201-9:4217 constitute the “Louisiana Arbitration Law”. These provisions however do not apply to labor contracts or contracts the arbitration of which is covered by federal legislation or to contracts entered into prior to July 28, 1948.

. Bryant v. Levy, 52 La.App. 1649, 28 So. 191 (1900).